## Caler v. Morrison

Before Sweet, P. J., McCune and Curran, J.J.

*Francis H. Patrona*, for plaintiff.

*Samuel Goldfarb*, for defendant.

McCUNE, J., June 30, 1964.—This matter comes before the court on petition and rule requiring the representatives of the Estate of Frank F. Neaville, creditor, to show cause why a judgment entered May 1, 1961, by confession should not be stricken from the record.

Judgment was confessed in the amount of $4,576.68 with interest from May 1, 1961, and costs and commission by an attorney pro hac vice on the following note:

> *"$5,000 00/100*          *Sep. 30, 1958*
> *On Demand* after date *we* promise to pay to the order of *Frank F. Neaville Five Thousand and no/100 Dollars Payable at* .................. Without defalcation, value received, with interest at 5% annum.
>
> "And further, *we* do hereby empower any Attorney of any Court of Record within the United States or elsewhere to appear for *us* and after one or more declarations filed, confess judgment against *us* as of any term for the above sum with Costs of suit and Attorney's commission of *10%* percent for collection and release of all errors, and without stay of execution and inquisition and extension upon any levy on real estate is hereby waived, and condemnation agreed to and the

exemption of personal property from levy and sale on any execution hereon, is also hereby expressly waived, and no benefit of exemption be claimed under and by virtue of any exemption law now in force or which may be hereafter passed.

Witness *our* hands and seals.

No. . . . Due. . . . /s/ *Robert Morrison* (SEAL)
/s/ *Wilda J. Morrison* (SEAL)"

The figure "5,000 00/100" and the words "Sep. 30, 58", "On Demand," "we," "Frank F. Neaville," "Five thousand and no/100," and "5% per annum" are all written in handwriting, as are also, of course, the signatures. The blanks in the warrant of attorney to confess judgment are typed.

On the reverse of the note the following was set forth in handwriting:

"Paid $1,000 on this note
Sunday, Oct. 11-59 by Ck. No.
543 Peoples 1st Nat' Bk
Wash, Pa.
Frank F. Neaville"

The petition alleges the judgment is void because (a) The judgment is defective and irregular on the face thereof; (b) judgment was not entered in accordance with the authority, terms and provisions of the warrant; (c) judgment was not entered for "the above sum" as provided in the warrant; (d) no declaration was filed as provided in the warrant; (e) no affidavit or other statement was filed to justify the entry of the amount of principal and interest as done; (f) the principal and interest as entered is completely at variance with the terms and provisions of the note and warrant and was improper, excessive and unauthorized; (g) patent typed material and unauthorized insertions were made on said warrant and no declaration or affidavit filed to justify the same. The answer denies all the material allegations.

A motion to strike, as distinguished from a motion to open, is a demurrer to the record so that if the judgment is regular on its face it may not be vacated: Kros v. Bacall Textile Corp., 386 Pa. 360.

It is apparent that the sum of $5,000 with interest from September 30, 1958, to October 11, 1959, would come to $5,261.10. Deducting the $1,000 paid on account would leave $4,261.10. Interest on $4,000 from October 11, 1959, to May 1, 1961, would amount to $315.58. This added to $4,261.10 would make $4,576.68 with interest paid up to May 1, 1961, the date of confession of judgment. The amount of the judgment therefore appears to have been figured from the face of the instrument including the entry on the reverse side of it without difficulty.

How was it defective on its face?

The allegations of the petition are general conclusions but from an examination of petitioner's brief, the arguments upon which he depends are revealed and we take it to be the contention of petitioners (debtors) that under paragraphs (d) and (e) of the petition a judgment is defective on its face unless there be a declaration or an averment of default filed.

A distinction must be made between an instrument which conditions confession upon a default and an instrument which does not. While it is true that an averment of default as distinguished from a declaration must be filed when the note requires it, there was no necessity in the instant case to file either a declaration or an averment of default before judgment was confessed. See Rose v. Cohen, 193 Pa. Superior Ct. 454 (1960).

In Rose v. Cohen, just cited, the note was of the same type as the one under consideration. The court states that almost all notes contain the words " 'and after one or more declarations filed' " confess judgment. This is a relic of the ancient practice of entering all

notes by amicable action prior to the Act of 1806: Act of February 24, 1806, P. L. 344, sec. 28, 12 PS §739. Since that act, the prothonotary can enter a proper note without declaration though the note states "after one or more declarations filed". These words can be disregarded.

However, if the warrant of attorney authorizes the entry of judgment " 'after default' ", it is necessary to file an averment of default, citing Kolf v. Lieberman, 282 Pa. 479.

Based upon the opinion in the Rose case, supra, we are of the opinion that no declaration or averment was required in the case under consideration even though the confession was by an attorney and not by the prothonotary.

Under paragraph (f) of the petition and also probably paragraphs (b) and (c), we take it to be debtors next contention that interest on a demand note does not begin until demand is made and that absent a showing on the record of a demand the entry of judgment should have been for $4,000 only and the entry of judgment for interest would be grounds upon which to strike the judgment.

The note reads as follows:

"On demand after date we promise to pay to the order of Frank F. Neaville five thousand dollars payable at . . . . . . . . . . . . . . . without defalcation, value received, with interest at 5% per annum."

The plain meaning of the note, it appears to us, is that five percent interest per annum is to be paid upon the note from its date which was September 30, 1958. This rate of interest would run until demand was refused at which time the legal rate of six percent would begin to run. Maturity of a demand note occurs when demand is made and the interest stated runs from the date of the note until maturity unless there is lan-

guage to convey a different meaning. See Messmore
v. Morrison, 172 Pa. 300 (1896).

Debtors cite Better Bilt Door Co. v. Oates, 165 Pa.
Superior Ct. 465 (1949), for the proposition that in-
terest does not begin to run until demand is made. An
examination of that case shows that the note involved
was payable on demand but was to bear interest " 'from
the date thereof' ". It would only be due after demand
so the court held that interest would run from the
date judgment was entered which would be the equiva-
lent of a demand for payment. The court said "since
the note by its terms bore interest only from maturity,
plaintiff is entitled to interest only from the date of
the judgment and not otherwise."

In the event debtors are here contending that there
was an erroneous calculation of interest, they should
attack this error by motion to open judgment, not to
strike, because a mistake in the calculation of interest
would not vitiate the entire judgment. See McDowell
National Bank of Sharon v. Vasconi, 407 Pa. 233
(1962).

The third argument appears to be that blanks were
filled in by typewriter and that this was not authorized
(paragraph (g) of the petition). The brief of debtors
alleges that insertions, i.e., the filling in of the blanks
in the note were not authorized by debtors and that
creditor stated that the "note was not to be entered of
record as a judgment."

We assume debtors are arguing that since part of
the note is written in longhand but certain blanks
were filled in on a typewriter, the total writing was
not done at one time and therefore a defect appears on
the face of the note. Such cannot be found from the
face of the record. Even if the blanks were at some
time following the signatures and the handwriting
filled in by typewriter, no defect would be created.

The Uniform Commercial Code states the following:

When a paper, the contents of which at the time of signing shows that it is intended to become an instrument, is signed while still incomplete in any necessary respect it cannot be enforced until completed but when it is completed in accordance with authority given it is effective as completed.

If the completion is unauthorized, the rules as to material alteration apply even though the paper was not delivered by the maker or drawer; *but the burden of establishing that any completion is unauthorized is on the party so asserting.* See Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 3-115, 12A PS §3-115. (Note Pennsylvania Bar Association comments at this section.) (Italics supplied.)

It is obvious therefore that testimony would be required to show first that the blanks were not completed before signature and second that completion of the blanks was not authorized.

It is of course obvious that testimony would be required to establish creditor's agreement that judgment would not be entered.

It would therefore appear that the motion to strike must be denied. The face of the record is not defective.

### Order

And now, June 30, 1964, the rule issued at the above number and term is dismissed without prejudice.