## Anthos v. Nu Aero Corporation

*Samuel Lichtenfeld*, for plaintiff.

*Ronald N. Agulnick*, for defendant.

RILEY, J., January 12, 1965.—Defendant has filed a petition to strike a judgment entered by plaintiff upon three judgment notes. Each note was dated May 15, 1961, in the face amount of $2,500 payable one year, two years and three years respectively from date "without interest." Plaintiff on July 11, 1964, filed an averment of default, signed by him individually, in which he averred that one note was in default in that a balance of $500 was due on the principal amount with interest from May 15, 1962, while the other two were totally in default to the extent of balances of $2,500, each with interest due from May 15, 1963, and May 15, 1964, on the respective notes according to their due dates. The averment of default sets forth a total indebtedness of $5,760.95, and the prothonotary noted an "assessment of damages" of $5,760.95. Each note contained the standard form of confession of judgment clause, "And further I do hereby authorize and empower any Attorney of any Court of Record of Pennsylvania or elsewhere to appear for and to enter Judgment against me for the above sum, with or without defalcation. . . ." Judgment was entered by the prothonotary in the amount of $5,760.95. Defendant's petition raises five grounds upon which he avers the judgment should be stricken, namely, that no appearance was entered on behalf of defendant, the judgment was confessed in an amount not ascertainable on the face of the instrument; the judgment was not confessed in accordance with the terms of the warrant of attorney; the judgment was confessed to include unauthorized items; and that prior to entry of the judgment plaintiff had filed a bill in equity in which he claimed

of defendant, inter alia, the payment of the same obligations.

Defendant has argued that, if viewed as an attempted entry of judgment by plaintiff, the same is obviously void because plaintiff is not an "attorney" or other person authorized to represent defendant. With the legal principle we agree but not with its application to the record before us. The note does not authorize plaintiff to appear for defendant and he could not enter a judgment under the warrant. There are three acceptable and legal methods of confessing a judgment, namely, for the prothonotary to enter the judgment within the terms of the Act of February 24, 1806, P. L. 334, 12 PS §739, as amended; by the defendant himself entering it; or by an authorized attorney doing so for him and on his behalf: Noonan Inc. v. Hoff, 350 Pa. 295; Roche v. Rankin, 406 Pa. 92; M & E Realty & Mortgage Co. v. Montgomery, 9 D. & C. 2d 296; Seltzer v. Delfiner, 17 D. & C. 2d 185. The record does not disclose any attempt on the part of plaintiff to appear for defendant or to enter judgment on his behalf. The only paper filed by plaintiff was an averment of default and the several notes upon which the prothonotary assessed damages and entered judgment. Under the Act of 1806 the prothonotary is authorized to enter the judgment at the request of the holder, either orally or in writing and even though the holder executes the præcipe to the prothonotary to enter the judgment it is in fact the prothonotary who enters it and is so authorized under the Act of 1806: Jones and Sons Inc. v. Piontkowski, 37 D. & C. 504. In the case before us it was the prothonotary who entered the judgment and, if all other requisite conditions of the act were complied with, the mere fact that the plaintiff filed an averment of default would not invalidate the judgment.

Defendant contends, however, that all other requisite conditions of the Act of 1806 have not been performed. In support of this position he points to several factors as barring applicability of the act. He avers that the act authorizes the entry of judgment by the prothonotary only "for the amount, which, from the face of the instrument, may appear to be due . . ." and that in the instant case the amount of the judgment was not ascertainable from the "face of the instrument" and further was not even for an amount authorized by the warrant of attorney as it included interest while the warrant only authorized entry of judgment "for the above amount." The contentions of defendant involve two distinct constructions, the first, whether the prothonotary has any power at all to enter the judgment where the amount is not ascertainable "from the instrument itself," and, secondly, even if the act so permits, has the prothonotary authority under the specific power here given to combine three notes into one judgment for a lesser sum that the combined face amounts and to include an interest item obviously not included in the warrant.

There is no doubt at this date that the Act of 1806, being in derogation of the common law, must be strictly construed and not liberally extended beyond its terms: Solazo v. Boyle, 365 Pa. 586; Roche v. Rankin, 406 Pa. 92. It is equally clear that a warrant of attorney to confess judgment must be strictly construed against the maker: Pittsburgh v. Charles Zubik & Sons Inc., 404 Pa. 219; Housing Mortgage Corp. v. Tower Development and Investment Corp.; 402 Pa. 388; Grady v. Schiffer, 384 Pa. 302. There is no doubt that the amount of the judgment entered by the prothonotary in this case is not ascertainable from the "face of the instrument" nor is the inclusion of interest or a lesser sum than the face amount specifically authorized in the subject warrants to confess judgment. The

issue presented is whether either or both deficiencies are sufficient grounds for the striking of the judgment.

As to the inclusion of interest we believe the issue to be clearly controlled by the Supreme Court rulings in McDowell National Bank of Sharon v. Vasconi, 407 Pa. 233, and Roche v. Rankin, supra, wherein the court specifically held that the inclusion of interest not authorized by the warrant was not of such a character as to justify the striking of the judgment but merely to warrant the court upon a motion to strike to remove the interest item from the face amount of the judgment. In that case distinction was made between inclusion of unauthorized interest and inclusion of other unauthorized sums previously held sufficient grounds for striking of the judgment. See Park Main Co. v. Fayette National Bank and Trust Co., 397 Pa. 75; Grady v. Schiffer, 384 Pa. 302; Gratz v. Margolis, 186 Pa. Superior Ct. 268. Although interest not authorized by the warrant is included, the judgment is nevertheless valid but must be reduced with the unauthorized interest eliminated. It is to be noted also that the judgment in the Roche case was entered by the prothonotary without any appearance entered for defendant.

Regarding the entry of the judgment for a sum in a lesser amount than the combined face amounts not ascertainable on the face of the instrument, we find no ground to strike the judgment either on the basis of power of the prothonotary to enter or in the scope of the warrant to confess judgment. It has long been held that the prothonotary, under the Act of 1806, may enter judgment for a sum less than the fixed amount on the face of the note by deducting admitted credits: Dalton v. Willingmyre, 60 Pa. Superior Ct. 225; Morel v. Morel, 81 Pa. Superior Ct. 84. As pointed out in the Dalton case judgment could have been entered for the full amount and the mere fact of assertion of a lesser sum does not exceed the warrant or the power of the

prothonotary under the Act of 1806. The power to confess the greater certainly included the lesser and as long as the amount on the face of the instrument is definite confession in a lesser sum no wise harms the defendant. The obvious intendment of the Act of 1806 is to permit the prothonotary to enter a judgment unless he must make an investigation outside of the instrument to determine the limit of the judgment such as in unliquidated claims or where no sum certain is fixed in the instrument. In the case before us, were judgment entered for the full face amount it would have been unquestionably valid although not collectible beyond the sum actually due. As with the Dalton case the credit is ascertained from the record by way of the averment of default. The distinction between the entry of judgment upon an instrument where the amount is unliquidated and where the amount is certain but credits are given for payments made is set forth in Philadelphia Gas Heating Co. v. Sanders, 181 Pa. Superior Ct. 510, Judge Woodside stating, page 514, "This case is thus quite different from, and should not be confused with the cases where a credit is given for payments, thereby reducing the judgment below the face amount of the note. The prothonotary may enter a judgment for a sum determined by subtracting the amount of payments as a credit from the face amount of the note," citing the Morel and Dalton cases, supra. The rule of the Dalton case was applied to facts substantially similar to those before us in Friel Bernheim Company v. King, 85 D. & C. 449. We fully subscribe to the statement of Judge Corson, at page 451. "In the present case, if plaintiff had allowed the credit upon the note itself, certainly no question could be raised as to the entering of the judgment for the lesser amount. For practical purposes we see no difference when the judgment creditor gives credit in the averment of default." Although there are certain lower courts hold-

ing to the contrary we deem the Dalton case to be controlling over the issue before us. To hold otherwise is merely to subserve substance to verbal technicality to which we do not subscribe. Defendant is not harmed nor may he complain of the entry of a judgment for a lesser sum than specifically authorized and judgment is perfectly valid if so entered. Any doubt of the propriety of the rule is now dispelled by the most recent pronouncement of the Superior Court in the case of Cam Vending Service v. Kessler, 204 Pa. Superior Ct. 400, specifically citing the Dalton case as the proper construction of the powers of the prothonotary under the Act of 1806.

We see no harm or error in combining the three confessions into one final judgment. Such combination is specifically authorized by statute (Act May 26, 1897, P. L. 94, 12 PS §740) and the situation was present in McDowell National Bank of Sharon v. Vasconi, 407 Pa. 233, where two notes and confessions were combined into one entry of one judgment. The exercise of the warrants and legal effect are no different whether singly or jointly entered.

The final complaint of defendant is that there was already on record prior to the confession of judgment a bill in equity in which recovery was sought upon the same obligation represented by the notes upon which judgment has now been confessed. Defendant contends that by entry of suit, plaintiff has conclusively elected his remedy and that the warrant to confess judgment may no longer be exercised. We do not agree with this contention of defendant.

We have serious doubts that the record of entry of the complaint in equity is properly before us upon motion to strike the subject judgment. A motion to strike a judgment is in effect a demurrer to the record of the judgment and must be determined solely by the record of the judgment itself without consideration of

matters beyond that record: Mountain City Savings and Loan Association v. Bell, 413 Pa. 67; Lebowitz v. Keystate Insurance Agency, Inc., 198 Pa. Superior Ct. 495; Goldberg v. Altman, 190 Pa. Superior Ct. 495. Defendants contend that the equity complaint is a matter of record in the prothonotary's office and judicial notice should be taken of it. However, even if such fact would be deemed to make the complaint a subject to be considered in this case, and we do not deem it so, it is not before us until offered in evidence. Courts do not take judicial notice of all of the records of the prothonotary in other cases or even in subject cases in progress unless actually offered and accepted in evidence: Jennison v. Aacher, 201 Pa. Superior Ct. 583. If the pendency of another action does constitute a defense to the judgments, the appropriate remedy is, as with all defenses beyond the record of the judgment, by way of a petition to open the judgment and allow such defense to be asserted: Cox v. Felice Perri & Sons, 412 Pa. 415; Weinberg v. Morgan, 186 Pa. Superior Ct. 322.

In argument plaintiff's counsel freely admitted the existence of the equity actions and the fact that part of the complaint seeks recovery of the same obligation as embraced by the judgment notes. He has argued the merits of defendant's contention that such action constitutes a basis for the striking of the judgment and for the purpose of disposing of all contentions has agreed that such complaint may be considered as a part of the record. Rather than permit the determination of this issue to rest perhaps on grounds of a technical nature we have considered the record of the equity proceedings and concur with plaintiff that such is no ground for the striking of the judgment now before us.

Defendant admits of no appellate authority in support of his contention nor have we found any in our own research. He points to a single lower court opin-

ion, namely, Commercial Alliance v. Pickett, 50 D. & C. 556, and upon examination we find that even that decision does not favor defendant's view. In the Commercial Alliance case the issue was whether the entry of an action before a justice of the peace was a final election of remedy. It is not clear whether the action before the justice proceeded to judgment but all authorities cited by the Luzerne County Court rested upon the principle that the reduction of the obligation to a "prior judgment" removed the right to enter a second judgment by confession for the same obligation as a judgment thereon was already in being. With this principle we would wholly agree. However such is not the case before us. No judgment upon the notes or the underlying obligation had yet been obtained.

It has always been the law that a creditor is entitled to all of the remedies the law affords but is limited to but one satisfaction: Cunningham v. Joseph Horne Company, 406 Pa. 1. As stated by Judge Wright in Nuside Metal Products Inc. v. Eazor Express Inc., 189 Pa. Superior Ct. 593, at 597, "However, in order to have the selection of one remedy operate as a bar to the pursuit of the other, or to compel an election between remedies, it must appear that the remedies sought to be enforced are inconsistent, and not merely cumulative; Harper v. Quinlan, 159 Pa. Superior Ct. 367." In the Harper case, cited by Judge Wright, it is interesting to note that the Superior Court held an action before a justice of the peace and a confession of judgment in ejectment were consistent remedies and cumulative only and with a right in plaintiff to a resort to both. The same, of course, is true in the case before us as each action, the confession of judgment upon the note and the equity action, are both for the same purpose and kind, namely, the collection of the obligations represented by the notes.

We are not called upon here to determine whether

the reduction of the claim to final judgment by the confession is a defense to the equity suit as the only issue before us now is whether the institution of the equity action discharged the warrant of attorney to confess judgment and we conclude that it did not. Defendant is not harmed as, if there is a just defense to the claim, he may assert his defense by way of a petition to open the judgment and likewise assert it in his answer to the equity action.

Defendant in the equity proceeding is contesting plaintiff's right to seek equitable relief on the grounds of an adequate legal remedy. Plaintiff's confession of judgment at law may be proof of defendant's contention. If defendant's contention is correct as to the impropriety of equitable relief, plaintiff is entitled to the pursuit and assertion of his "adequate" legal remedies. Further, defendant authorized entry of judgment in the notes at any time, not just on default, with the obvious intent to give plaintiff the security of a judgment creditor status at such time as he chose to enter the notes as judgments. Plaintiff is still entitled to such status pending determination of any dispute relative to the extent of default, if any.

As before noted defendant is not harmed by the duplication. He may assert any defense he may have and may request a stay in either proceeding until determination of the other if both come to an issue on the merits. Plaintiff is entitled to but one satisfaction. The only detriment to defendant is to have plaintiff in the position of a lien creditor pending any litigation and to this he assented by his authorization to confess judgment at law and for which he may not now be heard to complain.

As above noted the judgment must be reduced by elimination of the invalid inclusion of interest. For this and the reasons above discussed the motion to strike plaintiff's judgment is hereby dismissed and the

judgment affirmed in the reduced sum of $5,500. We note that defendant, as yet, has not asserted or sought to assert any defense to the merits of plaintiff's claim, either against the judgment or in the complaint filed. Our affirmance of the judgment is, of course, without prejudice to any meritorious defense defendant may assert and sustain, if any he has, by way of a petition to open the judgment filed diligently and within a prompt and reasonable time of the date of this order, January 12, 1965.