Colony Federal Savings and Loan Association *v.* Beaver Valley Engineering Supplies Company (et al., Appellant).

Argued November 21, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Kenneth W. Behrend*, with him *Mark B. Aronson*, and *Behrend and Aronson*, for appellant.

*James C. Tosh*, with him *R. C. Riethmuller, John B. Prather*, and *Luce, Good, Tosh and Associates*, and *Markus, Riethmuller & Smith*, for appellees.

OPINION BY JACOBS, J., March 29, 1976:

This appeal is brought from refusal of the lower court to strike off a judgment entered by confession upon a note. Appellant's claim is that the court below should not have amended the judgment by striking therefrom a provision for attorney's fees and interest and a provision to pay in installments, but should have stricken the entire judgment. We agree with the court below that the judgment was properly amended and we therefore affirm.

Plaintiff-appellee, Colony Federal Savings and Loan Association (hereinafter Colony) entered judgment by confession against defendants Beaver Valley Engineer-

ing Supplies Company (hereinafter Beaver Valley) and Michael Baker, Jr. and Myrtle Baker, on June 4, 1974. Judgment was entered pursuant to a warrant of attorney contained in a mortgage note dated September 5, 1967. This note was given from Beaver Valley and the Bakers to Colony. On June 19, 1974, Penn-Beaver Hotel Corporation (hereinafter Penn-Beaver) filed a petition to intervene, alleging, *inter alia,* that it was owner of the premises covered by the mortgage which accompanied the mortgage note. Penn-Beaver's petition to intervene was granted and it filed petitions to strike and to open the judgment.

After argument, Penn-Beaver's petition to open was denied and its petition to strike was denied in part and granted in part and the judgment was amended by striking therefrom provisions for attorney's fees, interest and the provision to pay in installments, on January 15, 1975. Penn-Beaver thereafter appealed to this Court, raising only the propriety of the lower court's ruling on its motion to strike.

The warrant of attorney pursuant to which the June 4, 1974 judgment was entered was contained in the September 5, 1967 mortgage note from Beaver Valley and the Bakers to Colony, and provides, *inter alia,* as follows: "AND the said Obligor do hereby empower any attorney of any Court of Record within the Commonwealth of Pennsylvania or elsewhere to appear for it and with or without a declaration filed, confess judgment against it in favor of the Obligee, its successors or assigns, as of any term, for the sum of Five Hundred Sixty Thousand ($560,000.00) Dollars, which sum shall include and cover all payments required to be made by the Obligor in and by the terms and conditions of this Note as hereinafter set forth, including also an attorney's commission for collection of five per centum of the total of all such payments, together with costs of suit; . . . and for the confession and entry of such judgment, this shall be

sufficient warrant and authority." The judgment entered by counsel for Colony reads as follows: "By virtue of the power of attorney above recited I do hereby appear for said defendants Beaver Valley Engineering Supplies Company and Michael Baker, Jr. and Myrtle Baker, his wife, and confess judgment against it and them and in favor of the said Plaintiff Colony Federal Savings & Loan Association for the sum of Five Hundred Sixty Thousand ($560,000.00) Dollars debt, and Six Thousand ($6,000.00) Dollars Attorney's Commission in all Five Hundred Sixty-Six Thousand Dollars with interest on the debt from 1st day of June A.D. 1974, due and payable in monthly installments . . ."

Penn-Beaver urges here, as it did below, that the confessed judgment included items not authorized by the warrant of attorney and that the judgment was therefore void in its entirety and should have been stricken completely. Penn-Beaver specifically objects to inclusion in the above judgment of an attorney's commission, interest and the provision for payment in monthly installments.

The law is well settled that a warrant of attorney authorizing the confession and entry of a judgment must be strictly construed and that the warrant must be exercised in strict accordance with its terms. *Kline v. Marianne Germantown Corp.*, 438 Pa. 41, 263 A.2d 362 (1970); *Walter E. Heller & Co. v. Lombard Corp.*, 423 Pa. 333, 223 A.2d 716 (1966); *Flomar Corp. v. Logue*, 418 Pa. 181, 210 A.2d 254 (1965); *Roche v. Rankin*, 406 Pa. 92, 176 A.2d 668 (1962); *Housing Mortgage Corp. v. Tower Dev. & Inv. Corp.*, 402 Pa. 388, 167 A.2d 146 (1961); *Park-Main Co. v. Fayette Nat'l Bank & Trust Co.*, 397 Pa. 75, 152 A.2d 714 (1959). It has also often been said that if a confessed judgment includes an item not authorized by the warrant, the judgment is void in its entirety and must be stricken. *Kline v. Marianne Germantown Corp.*, supra; *Walter E. Heller & Co. v.*

*Lombard Corp.,* supra; *McDowell Nat'l Bank v. Vasconi,* 407 Pa. 233, 178 A.2d 589 (1962); *Housing Mortgage Corp. v. Tower Dev. & Inv. Corp.,* supra.

The latter principle, however, is "... one of those general statements which must be read and interpreted in the light of the particular circumstances which gave it expression." *McDowell Nat'l Bank v. Vasconi,* supra at 235, 178 A.2d at 590. The particular circumstances of the present case are that an item seemingly unauthorized by the warrant, interest, has been included, and an item clearly within the scope of the warrant but in excess of its authorization, the attorney's commission, has also been included.

A review of the case law which supports the general principle that inclusion of an improper item provides basis for striking off a judgment reveals that this rule has been applied where "the item which was added to the face value of the judgment note was something foreign to and so unassimilable with the principal that the total which was finally formed became a heterogeneous rather than a homogeneous whole," *Id.* at 236, 178 A.2d at 591, or where the items included were outside of the scope of the warrant. *See Housing Mortgage Corp. v. Tower Dev. & Inv. Corp.,* supra; *Grady v. Schiffer,* 384 Pa. 302, 121 A.2d 71 (1956). The instant items are neither foreign to the principal nor outside the scope of the warrant.

Interest has been described as something which is as much a part of the debt as the principal and which thus cannot be considered as an item separate and apart from the substantive debt. *McDowell Nat'l Bank v. Vasconi,* supra, and cases cited therein. In *Roche v. Rankin,* supra, it was said that "[n]o case has been called to our attention, nor has our research disclosed one wherein we have held that, under the circumstances this case presents, an unauthorized claim for interest in a reasonable amount upon a sum clearly due and confessed under the warrant,

vitiates the entire judgment." *Roche v. Rankin,* supra at 98, 176 A.2d at 672. *Accord, McDowell Nat'l Bank v. Vasconi,* supra. Interest may thus be an "unauthorized" item under a given warrant, but because it is not an item separate and apart from the substantive debt, its improper inclusion has not resulted in nullification of the entire judgment. The unauthorized inclusion of *interest* in the judgment thus did not compel invocation of the general rule requiring striking of the judgment where unauthorized items are included.

We likewise conclude that the lower court did not err in failing to strike based on the inclusion of attorney's commissions. The warrant clearly states that an attorney's commission was authorized. However, it is unclear whether the commission was to be added to the $560,000.00 judgment sum or included within it. Since the warrant of attorney must be strictly construed, *Housing Mortgage Corp. v. Tower Dev. & Inv. Corp.,* supra, the addition of the commission, in the face of the ambiguity of the warrant, must be deemed as in excess of what was authorized. However, the mere fact that a judgment has been entered which is excessive in amount is not determinative. "If the judgment as entered is merely for items clearly within the judgment note, but excessive in amount, the Court will modify the judgment and cause a proper judgment to be entered *unless* (1) the judgment was entered for a *grossly excessive* amount ..." in which event "... the judgment must be stricken off in its entirety [citations omitted]." *Housing Mortgage Corp. v. Tower Dev. & Inv. Corp.,* supra at 389, 167 A.2d at 147 (emphasis added). *See Roche v. Rankin,* supra.

The lower court properly construed the warrant against its grantee, concluding that the attorney's commissions should have been included within the judgment sum. However, it also observed that the inclusion of interest and of the attorney's commission as an amount

outside the sum was done in good faith and could be understood due to the uncertainty created by the warrant itself. In refusing to strike the entire judgment the lower court likened the entry of an excess amount here to a clerical error. That the amount entered was not grossly excessive is implicit in the lower court's conclusion that the error made was *de minimis*. The lower court thus compared the entry of attorney's commissions as a figure in addition to rather than as part of the judgment with an erroneous entry of an amount for interest, observing that it could see no realistic distinction between attorney's fees and interest in this situation. Both reasonably appeared to be authorized. In its opinion the lower court reasoned that: "[c]ertainly if a judgment entered by confession may be amended by striking therefrom unauthorized interest no good reason exists to deny the same remedy where the unauthorized item included in the judgment is [sic] attorney's commission."[1]

A specified attorney's commission was here authorized, the only question being whether it was authorized to be included within or without the $560,000.00 authorization. We agree with the lower court that in entering the judgment the grantee must be assumed to have exceeded the warrant here, but we are also in agreement with the court below's implicit conclusion that the judgment thereby entered was not a grossly excessive abuse of the warrant's authority under the circumstances.

1. In support of its conclusion that the addition of the attorney's commissions, under the facts of this case, should be treated like an unauthorized inclusion of interest, the lower court cited the reasoning of Judge ALDISERT in *Globe Indemnity Co. v. H & W Equipment Co., Inc.*, 116 Pitts. L.J. 378 (Pa. C.P. 1968) and of Judge VAN DER VOORT in *Marbet Heating v. Beck*, 107 Pitts. L.J. 409 (Pa. C.P. 1959). In both *Globe* and *Marbet*, unauthorized attorney's commissions were amended out of judgments, thus supporting the proposition that improper inclusion of an attorney's commissions does not necessarily require a striking of the entire judgment. The court below noted that it was unable to find any cases holding to the contrary.

We cannot conclude as a matter of law that the court below erred in determining that, on these facts, the interest and attorney's commission could be properly excluded from the judgment without affecting that which was properly authorized. The instant case is unlike those in which the additional item involved was wholly extraneous to the principal, *see McDowell Nat'l Bank v. Vasconi,* supra at 236, 178 A.2d at 591; *Housing Mortgage Corp. v. Tower Dev. & Inv. Corp.,* supra; *Park-Main v. Fayette Nat'l Bank & Trust Co.,* supra; or "a grossly excessive and improper use of the authority given." *Grady v. Schiffer,* supra at 307, 121 A.2d at 73. Although the inclusion of the $6,000.00 attorney's commission as an item outside the $560,000.00 sum was excessive, it was not grossly excessive under the circumstances.

Penn-Beaver's final argument is that the judgment is invalid because it states that it is due and payable in monthly installments. No cases have been directed to our attention holding that this is an unauthorized "item" and we have found none. This inclusion neither adds nor detracts from the amount of the judgment and we regard it as mere surplusage which the lower court properly deleted.

Order affirmed.

