**RAIT PARTNERSHIP, L.P., Rait Emerald Pointe, Inc. and Rait Buckner, LLC, Appellees**

v.

**E POINTE PROPERTIES I, LTD., E Pointe Properties, Inc., Park Hollow Apartments, Ltd., Emerald Hollow Properties, Inc., Harold R. Demoss, III, John W. McCrary, William L. Karrington, Jan G. Demoss, Fred N. Himburg, Fred B. Himburg, Jeffrey S. Johnson and Buckner Apartment Partners # 1, Ltd., Appellants.**

Superior Court of Pennsylvania.

Argued April 30, 2008.
Filed Sept. 26, 2008.

Jennifer A. Diamantis, Philadelphia, for appellants.

Jaqueline R. Dungee, Philadelphia, for appellees.

BEFORE: DONOHUE, J., McEWEN, P.J.E., and FITZGERALD, J.*

OPINION BY McEWEN, P.J.E.:

¶ 1 Appellants, E Pointe Properties I, Ltd., E Pointe Properties, Inc., Park Hollow Apartments, Ltd., Emerald Hollow Properties, Inc., Harold R. DeMoss, III, John W. McCrary, William L. Karrington, Jan G. DeMoss, Fred N. Himburg, Fred B. Himburg, Jeffrey S. Johnson, and Buckner Apartments Partners # 1, Ltd. (hereinafter referred to as "E Pointe"), appeal from the order denying their motion to open or strike the confessed judgment that had been entered against them by appellees, RAIT Partnership, L.P., RAIT Emerald Pointe, Inc., and RAIT Buckner, LLC (hereinafter "RAIT"). We affirm.

¶ 2 The germane procedural facts of this case are not in dispute. The record reveals that on May 7, 2007, RAIT filed a civil complaint against E Pointe seeking a confessed judgment grounded upon a signed Forbearance Agreement that had been earlier entered into between the parties.[1] RAIT obtained its requested relief when a confessed judgment was entered against E Point in the amount of $3,857,128.01. Thereafter, on June 6, 2007, E Pointe filed a timely consolidated motion to strike or open the confessed judgment. The trial court, on September 26, 2007, issued an order that modified the

---

* Former Justice specially assigned to the Superior Court.

1. The Forbearance Agreement derived from RAIT's agreement to forego the enforcement of legal remedies that vested when E Pointe, *inter alia,* "failed to comply with certain material obligations ... including the mandatory redemption of [RAIT's original] Investment" of 2.5 million dollars, and the payment of 2 million dollars as a "Participation Return" for RAIT's participation in E Pointe's limited partnership. *See:* Forbearance Agreement, November 30, 2006, Recitals, ¶¶ N–Q.

amount of the judgment—reducing the judgment from $3,857,128.01 to $3,450,-000.00—but denied the request to otherwise strike or open the judgment. This appeal followed.

¶ 3 E Pointe, in the brief filed in support of this appeal, sets out the following questions for this Court's review:

Whether the trial court erred in refusing to strike or open the judgment entered by confession where the original and modified confessed judgments included amounts and items not recoverable under the express terms of the confession of judgment provision of the parties' Agreement?

Whether the trial court erred in refusing to strike or open the judgment entered by confession and in entering a modified judgment that included $450,000.00 for attorney's fees?

Whether the trial court erred in refusing to strike or open the judgment entered by confession where the original and modified judgments did not reflect credit for prior payments made by appellants in excess of the amount for which RAIT could properly obtain a judgment?

*See:* Brief of Appellants, p. 4.[2]

 ¶ 4 A petition to strike a judgment raises a question of law and relief thereon will only be granted if a fatal defect appears on the face of the record. *Knickerbocker Russell Company, Inc. v. Crawford,* 936 A.2d 1145, 1146 (Pa.Super.2007). Alternatively, a petition to open rests within the discretion of the trial court, and may be granted if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury. *Atlantic National Trust, LLC v.*

*Stivala Investments, Inc.,* 922 A.2d 919, 923 (Pa.Super.2007), *appeal denied,* 594 Pa. 702, 936 A.2d 39 (2007). The decision of the trial court on a petition to strike or open judgment will not be disturbed unless there is an error of law or a manifest abuse of discretion. *Id.* at 922. *See also: First Seneca Bank & Trust Co. v. Laurel Mountain Development Corp.,* 506 Pa. 439, 442, 485 A.2d 1086, 1088 (1984).

¶ 5 E Pointe first claims that the judgment as entered was for an amount not authorized by the Agreement. The learned Judge Howland W. Abramson, in the Opinion filed in support of his decision, provided the following cogent analysis of the facts related to this claim:

The Forbearance Agreement provides that, upon defendant's [E Pointe's] default, plaintiff [RAIT] may confess judgment for "the Investment together with an attorneys' collection commission of fifteen percent (15%) of the aggregate amount of the foregoing sums, but in no event less than $10,000." The Forbearance Agreement contains the following discussion of what constitutes the "Investment" referred to in the Confession of Judgment provisions:

5(a). Obligors acknowledge and agree that as of November 13, 2006, the outstanding principal amount of the Investment is $2,500,000; and the outstanding Participation Return (as defined in the EP Partnership Agreement) is $2,000,000, totaling an aggregate Investment of $4,500,000, plus any accrued and unpaid Preferred Return (as defined in the EP Partnership Agreement) and/or Additional Preferred Return (as defined in the EP Partnership Agreement) [the "Investment Balance"];

2. It bears mention that we have rephrased E Pointe's questions raised on appeal to comply with the applicable Pennsylvania Rule of Appellate Procedure, which mandated that such questions be stated "in the briefest and most general terms, without names, dates, amounts or particulars of any kind." Pa.R.A.P. 2116(a) (amended effective August 10, 2008).

\* \* \*

6(a). EP Partnership and Guarantors agree to pay RAIT $1,500,000 of the Investment Balance on or before December 20, 2006, as a partial redemption of the Investment.

\* \* \*

(b). In addition to the payment required under subsection (a) above, EP Partnership and Guarantors agree to pay to RAIT ... $1,200,000 of the Investment Balance on or before January 4, 2007, as a partial redemption of the Investment.

\* \* \*

8(a) Upon repayment of the Investment pursuant to section 6(b) hereof, the remaining balance of the Investment (in an amount not to exceed $1,800,000), if any shall be converted to a loan (the "Loan") ...

After the Forbearance Agreement was executed, defendants made the first $1.5 million payment on the Investment, but subsequently defaulted on the second payment due. As a result of th[e] payment, the aggregate Investment was no longer the $4.5 million stated in the Agreement, but was instead $3 million. Upon default, [RAIT] confessed judgment against [E Pointe] for $3,354,024.36, which included the $3 million and a Preferred Return amount of $354,024.36.

Trial Court Opinion, September 28, 2007, pp. 2–3 (footnotes omitted). The judge, in response to E Pointe's petition to strike the judgment, struck the amount computed as the "Preferred Return" and the attorney's commission computed thereon, as not being included within the definition of "Investment" set forth in the Forbearance Agreement, but allowed the judgment to stand for the amount of 3 million dollars, plus the fifteen percent attorney's collection commission thereon of $450,000. E Pointe now argues that the trial court misconstrued the Agreement's use of the term "Investment" and, consequently, failed to properly identify the amount in controversy.

■ ¶ 6 Thus, the initial focus of our inquiry is on whether the trial court was correct in ruling that RAIT had correctly identified the amount at issue for which the entry of judgment was authorized, namely 3 million dollars. The argument of E Pointe rests upon its proposed interpretation of the confession of judgment provision, paragraph 20, contained in the Forbearance Agreement, which provided, in relevant part, that upon the occurrence of a default by E Pointe, a confessed judgment could be entered for "the Investment." According to E Pointe, the Investment should have consisted of only the 2.5 million dollars that was referred to in the Recitals section of the Agreement, specifically, paragraphs B and H. However, as the trial court correctly found, such an interpretation ignores, and in fact contradicts, explicit paragraphs that are contained in the actual "Agreement" section of the Agreement, namely, paragraphs 6 and 8 of that section.

¶ 7 Paragraph 6, which defined the "Repayment Terms" to which the parties agreed, provided:

(a) [E Pointe] agree[s] to pay to RAIT $1,500,000 of the Investment Balance on or before December 20, 2006, as a partial redemption of *the Investment*.

...

(b) In addition to the payment required under subsection (a) above, [E Pointe] agree[s] to pay to RAIT ... $1,200,000 of the Investment Balance on or before January 4, 2007, as a partial redemption of *the Investment*.

Forbearance Agreement, November 30, 2006, ¶ 6 (emphasis supplied). As is clear from these two paragraphs, E Pointe ex-

plicitly agreed to make two timely payments that totaled $2,700,000, instead of what appellant now claims v.as the total Investment amount, namely, $2,500,000. Moreover, paragraph 8 explicitly provides for the further repayment of "the *remaining balance of the Investment* (in an amount not to exceed $1,800,000)." Forbearance Agreement, *supra*, ¶ 8(a) (emphasis supplied). Not coincidentally, these payment amounts, when added together, match "the aggregate Investment" of 4.5 million dollars which was spelled out in paragraph 5(a), and acknowledged as "due and owing" in subsection (b) of that same paragraph. Since, as the trial court found, E Pointe received a reduction of this aggregate amount as a result of its first payment of 1.5 million dollars, the remaining amount subject to confession of judgment was the 3 million dollars as averred by RAIT. Therefore, we find no basis upon which to disagree with the decision of the trial court as to the amount in controversy.

■ ¶ 8 E Pointe next argues that the trial court erred in refusing to strike off or open that part of the judgment that included "an attorney's collection commission" of $450,000. We disagree, since, as the trial court astutely observed, this Court has previously approved the inclusion of similar collection commission provisions in contracts. *See: Dollar Bank, v. Northwood Cheese Co.*, 431 Pa.Super. 541, 637 A.2d

309, 314 (1994), *appeal denied,* 539 Pa. 692, 653 A.2d 1231 (1994) (attorney's fee provision of fifteen percent enforceable where it was "specifically authorized by the warrant of attorney"). Here, there is no dispute that the Forbearance Agreement specifically provided for RAIT to include as part of the confessed judgment "an attorney's collection commission of fifteen percent (15%) of the aggregate amount of the foregoing sums." Forbearance Agreement, *supra*, ¶ 20. Therefore, once again, we have no basis upon which to disagree with the decision of the trial court.[3]

■ ¶ 9 The final issue raised by E Pointe merits minimum comment. Specifically, E Pointe claims that it was entitled to credit and set-offs on the judgment amount confessed against it due to partial payments allegedly made to RAIT. However, the factual basis for asserting this claim was never developed before the trial court, and in fact was not addressed by the trial court. Consequently, we regard the issue as waived. *See generally:* Pa.R.A.P. 302(a).

¶ 10 Order affirmed.

¶ 11 FITZGERALD, J., FILES A CONCURRING OPINION.

CONCURRING OPINION BY FITZGERALD, J.:

¶ 1 I join in all respects with the learned majority's resolution of the first and third

---

3. We are not persuaded by E Pointe's argument that the decision of this Court in *PNC Bank v. Bolus*, 440 Pa.Super. 372, 655 A.2d 997 (1995), compels a different result. In that case, this Court approved a trial court's finding that the inclusion of an attorney's commission of $70,647.77 on a confessed judgment was "unreasonable." However, the provision at issue in that case specifically called for the imposition of a "reasonable" fee, thus justifying the trial court's inquiry into the reasonableness of the fee. Here, however, there is no similar provision, merely the automatic imposition of a "commission"

of fifteen percent taxable as a cost attributable to E Pointe's default. Moreover, it bears remarking that the apparent munificence of the present provision is more understandable in the light of the fact that by the terms of the Forbearance Agreement, RAIT extended considerable grace to E Pointe in forgoing the enforcement of its previously vested rights. *See:* Footnote 1, *supra.* Thus, the collection commission became operable only when E Pointe defaulted on its obligation *for the second time,* thereby causing RAIT to resort to the judicial system to collect the amount it was admittedly owed.

issues. I also join in the result reached by the majority on the second issue regarding the award of fifteen percent in attorneys' fees. Although I agree that *PNC Bank v. Bolus*, 440 Pa.Super. 372, 655 A.2d 997 (1995), is inapplicable, I write separately to emphasize that, nonetheless, such awards of attorneys' fees should never be automatic, regardless of the language in the contract.

¶ 2 In *Dollar Bank, Fed. Savs. Bank v. Northwood Cheese Co.*, 431 Pa.Super. 541, 637 A.2d 309 (1994), upon which the majority relies, this Court acknowledged, "[I]f the judgment as entered is for items clearly within the judgment note, but excessive in amount, the court will modify the judgment and cause a proper judgment to be entered." *Id.* at 314 (citing *Colony Fed. Savs. & Loan Ass'n v. Beaver Valley Eng'g Supplies Co.*, 238 Pa.Super. 540, 361 A.2d 343, 347 (1976)).[4] That the fifteen percent in attorney's fees were authorized by warrant of attorney was but a factor, though a significant one, in the *Dollar Bank* Court's analysis of whether the judgment was excessive. *See id.* (noting also that the appellant failed to cite to evidence of record or argue sufficiently as to why the attorneys' fees were excessive, and that a voluminous record accompanied the case). In the instant case, considering the warrant of attorney and the majority's observation that RAIT "extended considerable grace to E Pointe" at first, resorting to enforcement only after E Pointe's second default, I agree that the fifteen percent award of attorneys' fees was not excessive based on the facts of this case alone.

---

**4.** The Court also noted, "If the judgment was entered for an amount which was grossly excessive, the judgment must be stricken in its entirety." *Id.*