J-A10002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHERYL VISCOMI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NORTHEAST AUTO CENTER | : | No. 2253 EDA 2019 |

Appeal from the Order Entered April 25, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  180500995

BEFORE:   BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                **FILED OCTOBER 07, 2020**

Cheryl Viscomi appeals *pro se* from the order that denied her petition to open or strike the judgment of *non pros* entered against her after her repeated failure to appear for court.[1]  We affirm.

Ms. Viscomi commenced this civil action against Northeast Auto Center by filing a complaint on May 11, 2018.  Therein, she alleged various claims against Northeast related to repair work for which she contracted in 2016.  Northeast filed an answer and new matter, to which Ms. Viscomi filed

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order is dated April 18, 2019, was docketed on April 22, 2019, and was noted on the docket as having been served in accordance with Pa.R.C.P. 236(b) on April 25, 2019.  Accordingly, the date of the order for purposes of this appeal is April 25, 2019.  **See** Pa.R.A.P. 108(b) ("The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b).").

preliminary objections that were ultimately overruled. The trial court scheduled case management status conferences in August and September of 2018, for which Ms. Viscomi requested and received continuances. After she failed to appear for a third scheduled conference, the trial court issued a rule to show cause why a judgment of *non pros* should not be entered. When Ms. Viscomi failed to appear for the hearing on the rule, the trial court issued an order entering judgment of *non pros* against her. The judgment was entered on the docket per the notation of service on February 8, 2019.

On February 19, 2019, Ms. Viscomi filed a petition to open or strike the judgment of *non pros*, wherein she sought relief under both Pa.R.C.P. 237.3 and Pa.R.C.P. 3051.[2] Specifically, Ms. Viscomi contended that, because her petition was filed within ten days of the entry of the judgment and her complaint stated a meritorious cause of action, she was entitled to relief under Rule 237.3(b). **See** Petition, 2/19/19, at unnumbered 3. Additionally, the petition alleged that relief under Rule 3051(c)(3) was warranted because the record does not support a finding that she failed to pursue her action with due diligence, that she lacked a compelling reason for the delay, or that Northeastern suffered actual prejudice from the delay. **Id**. at unnumbered 4.

---

[2] Ms. Viscomi's petition was not entered on the docket until March 12, 2019. However, the docket entry specifies that the petition had been submitted by Ms. Viscomi on February 19, 2019, but was "rejected in error by the clerk." Accordingly, the petition is deemed to have been filed on February 19, 2019. **See**, **e.g.**, **Nagy v. Best Home Servs., Inc.**, 829 A.2d 1166, 1170 (Pa.Super. 2003) ("[A] document is filed when the Prothonotary receives it.").

The trial court denied Ms. Viscomi's petition by order of April 25, 2019. Ms. Viscomi filed a notice of appeal on July 3, 2019, contending that she had been unable to file the notice earlier due to a breakdown in court processes in the form of an extensive court computer outage.[3]  Both Ms. Viscomi and the trial court subsequently complied with Pa.R.A.P. 1925.[4]

Ms. Viscomi presents the following questions for our consideration:

I.      Did the trial court commit an error of law and or abuse its discretion by failing to consider [Ms. Viscomi's] petition to strike/open pursuant to the provisions of Pa[.]R.C.P. 237.3(b)[?]

II.     Did the trial court commit an error of law and or abuse its discretion by failing to consider [Ms. Viscomi's] petition to strike/open the judgment of *non pros* entered against her, pursuant to the provisions of Pa[.]R.C.P. 3051(c)(3)(i), (ii), and (iii)?

III.    Did the trial court commit an error of law and or abuse its discretion by failing to grant [Ms. Viscomi's] request for continuance?

Ms. Viscomi's brief at 5 (unnecessary capitalization omitted).

_____

[3] As neither the trial court nor Northeast disputes the accuracy of Ms. Viscomi's factual contentions concerning the breakdown in court processes, we accept them as true and accept the appeal as timely filed *nunc pro tunc*. **See**, **e.g.**, **Raheem v. Univ. of the Arts**, 872 A.2d 1232, 1234 (Pa.Super. 2005) (noting that *nunc pro tunc* appeal is proper "where there was fraud or a breakdown in the court's operations").

[4] In our earlier dispositional memorandum, we overlooked Ms. Viscomi's production of a United States Postal Service Form 3817 to render her statement timely filed on the date it was mailed pursuant to Pa.R.A.P. 1925(b)(1).  Accordingly, we granted panel reconsideration and withdrew our prior memorandum by order of September 17, 2020.

We begin with a review of the relevant legal principles. "The decision of the trial court on a petition to strike or open judgment will not be disturbed unless there is an error of law or a manifest abuse of discretion." *RAIT P'ship, LP v. E Pointe Properties I, Ltd.*, 957 A.2d 1275, 1277 (Pa.Super. 2008). "This means that the trial court's decision will be overturned only if reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Womer v. Hilliker*, 908 A.2d 269, 279 (Pa. 2006).

The opening of a judgment of *non pros* is addressed in two separate Rules of Civil Procedure. The general rule is Pa.R.C.P. 3051, which provides as follows:

> (a) Relief from a judgment of *non pros* shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.
>
> (b) Except as provided in subdivision (c), if the relief sought includes the opening of the judgment, the petition shall allege facts showing that
>
> > (1) the petition is timely filed,
> >
> > (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*, and
> >
> > (3) there is a meritorious cause of action.
>
> (c) If the relief sought includes the opening of the judgment of *non pros* for inactivity, the petition shall allege facts showing that
>
> > (1) the petition is timely filed,
> >
> > (2) there is a meritorious cause of action, and

- 4 -

(3) the record of the proceedings granting the judgment of *non pros* does not support a finding that the following requirements for entry of a judgment of *non pros* for inactivity have been satisfied:

   (i) there has been a lack of due diligence on the part of the plaintiff for failure to proceed with reasonable promptitude,

   (ii) the plaintiff has failed to show a compelling reason for the delay, and

   (iii) the delay has caused actual prejudice to the defendant.

Pa.R.C.P. 3051.

In addition to this general rule, Rule 237.3 provides "special provisions relating to relief from a judgment of *non pros* entered pursuant to Rule 1037(a)." Pa.R.C.P. 3051, *Note*. Rule 1037(a) states:

   If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of *non pros*.

Pa.R.C.P. 1037(a). Specifically, Rule 237.3 "supplies two of the three requisites for opening such judgments by presupposing that a petition filed as provided by the rule is timely and with reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment." Pa.R.C.P. 237.3, *Note*.

In summary, Rule 3051 applies to relief from *non pros* generally, while Rule 237.3 streamlines the analysis when the *non pros* was entered under

- 5 -

Rule 1037(a) as a result of the dismissal of an action for failure of the plaintiff to file a complaint in response to a rule to do so.

With these principles in mind, we turn to Ms. Viscomi's arguments. She first contends that the trial court erred in failing to consider her petition to open or strike the judgment of *non pros* under the provisions of Rule 237.3. **See** Ms. Viscomi's brief at 10-11.

As noted in our recitation of the history of the case, the trial court entered the judgment against Ms. Viscomi for her repeated failure to appear for scheduled conferences. It did not enter the *non pros* judgment pursuant to Rule 1035(a) for failure to file a complaint in response to a rule, as Ms, Viscomi actually initiated the case by filing a complaint. Hence Rule 237.3 did not apply to Ms. Viscomi's petition to open or strike the judgment. **See Kruis v. McKenna**, 790 A.2d 322, 327 (Pa.Super. 2001) (providing that Pa.R.C.P. 237.3 does not apply to the entry of a *non pros* judgment based upon failure to appear at a pretrial conference and rule-returnable hearing). The first issue is meritless.

Next, Ms. Viscomi maintains that the trial court should have granted her relief from the *non pros* judgment pursuant to Rule 3051. In particular, she contends that the record from the February 5, 2019 hearing on the rule to show cause, which she did not attend, does not support a finding that she had been inactive or failed to prosecute her case with due diligence. Ms. Viscomi's brief at 11. Further, she argues that the transcript of the hearing does not

evidence her failure to provide a compelling reason for the delay, or that the defendant suffered actual prejudice. *Id*. at 11-12. Ms. Viscomi complains that the transcript from the hearing on the rule to show cause "demonstrates that absolutely nothing took place" and that "the trial court judge *sua sponte*, immediately and without further argument, entered the judgment of *non pros* [.]" *Id*. at 12.

Ms. Viscomi fails to appreciate the nature of the February 5, 2019 hearing. The trial court had issued a rule that required **her** to show cause why the judgment of *non pros* should **not** be entered based upon her repeated failure to attend pretrial conferences, most recently without explanation. Hence, when she did not appear to offer her reasons, the trial court had no need to take any evidence or entertain argument.

By its very terms, Rule 3051 had no relevance to the trial court's decision to enter the *non pros* judgment in the first instance, but only on its ruling upon her petition to open or strike that judgment. In order to prevail on her petition for relief from the judgment, Ms. Viscomi had to establish that she had both a reasonable excuse for failing to appear and a meritorious cause of action. **See Kruis**, **supra** at 327.

The trial court indicated that it denied her petition because Ms. Viscomi "failed to provide any explanation for her failure to attend three case management conferences and the rule hearing." Trial Court Opinion, 11/5/19, at unnumbered 3. While Ms. Viscomi baldly asserts that the record does not

support a finding that she failed to provide a compelling reason for the delay, she does not direct our attention to any place in the certified record where she offered such a reason, let alone legal argument to demonstrate that she had a meritorious cause of action.

The only explanation Ms. Viscomi references to explain any of her absences is raised in connection with her third and final issue: that the trial court erred in not granting her request for a continuance of the February 5, 2019 rule hearing. Ms. Viscomi's argument is as follows:

> [Ms. Viscomi] faxed [a letter] to the trial court judge's attention on the day prior to the Rule to Show Cause hearing on February 5, 2019. In it, [Ms.] Viscomi explained to the trial court that she had just served jury duty approximately one week earlier. Her absence from her job as a teacher led numerous students and or co-workers, due to a "rumor mill," to surmise that [Ms.] Viscomi had suffered some type of disciplinary action in connection to her job (i.e. a suspension). [Ms.] Viscomi had never been disciplined in any way by her employer and these allegations caused significant reputational harm. Again, this was all the result of [her] jury duty service, completed shortly before the hearing on February 5, 2019.

Ms. Viscomi's brief at 13. She then cites several cases emphasizing the importance of jury service and its protected status. *Id*. at 13-14.

Our review of the record reveals Ms. Viscomi's argument to be utterly devoid of merit. Initially, we observe that there is nothing in the record to suggest that Ms. Viscomi made any effort to directly contact the trial court prior to the December status conference. She just decided not to show up, which is what prompted the trial court to issue its rule to show cause on December 27, 2018, and schedule the rule hearing for February 5, 2019.

Between December 29, 2018, when the rule was served on her, until the afternoon of February 4, 2019, Ms. Viscomi filed no document, and made no effort to contact the court to explain her absence from the prior conference or to seek a continuance of the rule hearing. As discussed above, the trial court thus entered the *non pros* judgment against her when she failed to appear at the rule hearing without explanation.

The only continuance request in the record is found in an attachment to Ms. Viscomi's petition to open or strike the *non pros* judgment. The petition represents that Ms. Viscomi faxed a letter to the trial court the afternoon before the rule hearing. Therein, she indicated that she had served on a jury in the first half of December 2018, and produced documentary evidence in support. *See* Petition, 2/19/19, at Exhibit A. Notably, the jury service did not conflict with the December 2018 status conference in the instant case, and Ms. Viscomi did not offer any other reason for her failure to appear at the conference. She did, however, cite her December 2018 jury service as her reason for requesting a continuance of the February 5, 2019 rule hearing. Specifically, she indicated that when she returned to her job as a high school teacher after serving on the jury, she learned that students had speculated about the reason for her absence and suggested that Ms. Viscomi had been suspended. Therefore, she indicated, she wished to delay the rule hearing "so that another absence does not fall so close to my previous ones for jury duty." *Id*.

Thus, contrary to the representations in her brief, Ms. Viscomi's jury service was not one week prior to the rule hearing, but rather nearly two months prior. Further, fear of what her students would think about a one-day absence would not have constituted a compelling reason for the delay in the proceedings or a basis to grant a continuance even if she had presented at some point in the many weeks between the issuance of the rule and the hearing, rather than in an inexplicably last-minute, *ex parte* facsimile request. Moreover, failing to follow up with the court after hearing no response to her request, and instead once again simply opting not to appear, was not a reasonable course of action.[5]

For all of these reasons, we hold that Ms. Viscomi is entitled to no relief on her claims that the trial court erred in denying her petition for relief pursuant to Rule 3051 or that it should have continued the February 5, 2019 hearing. *See Kruis, supra* at 327 (providing party seeking relief from non pros entered following failure to appear must offer a reasonable excuse for the absence and a meritorious cause of action); *Corrado v. Thomas Jefferson Univ. Hosp.*, 790 A.2d 1022, 1035 (Pa.Super. 2001) ("The trial court is vested with broad discretion in the determination of whether a request

---

[5] If she had, she could have discovered that the trial court did not receive the faxed February 4, 2019 letter. *See* Trial Court Opinion, 11/5/19, at unnumbered 3.

for a continuance should be granted, and an appellate court should not disturb such a decision unless an abuse of that discretion is apparent.").

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* _10/7/2020_