Pittsburgh *v.* Charles Zubik & Sons, Inc., Appellant.

220

Argued May 22, 1961. Before JONES, C. J., BELL, JONES, COHEN, BOK and EAGEN, JJ.

*Alexander C. Sherrard,* with him *Campbell, Casteel & Thomas,* for appellant.

*Regis C. Nairn,* Assistant City Solicitor, with him *David Stahl,* City Solicitor, for City of Pittsburgh, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, June 26, 1961:

The City of Pittsburgh, by lease dated October 1, 1952, demised to Charles Zubik & Sons, Inc., a portion of the north bank of the Allegheny River in Pittsburgh for wharf purposes. The lease provided that either

party could cancel it upon giving sixty days' notice to the other in writing of intention so to do and further empowered any attorney of record, after default in payment of rent or breach of the provisions of the lease, "to appear for Lessor [sic]", confess judgment against *the lessee* for rent due, plus costs of suit and an attorney's fee of $25.00, and also confess judgment in ejectment against the lessee. The word "Lessor", where employed in the connection above indicated, was typed in on the printed lease form.

On January 30, 1956, the City notified the Zubik Company that it was cancelling the lease, the cancellation to become effective sixty days from the service of the notice, which ordered and directed Zubik to deliver up possession of the premises free of any structures, obstructions or property of the lessee. The latter, however, did not comply with the order contained in the notice but continued to remain in possession of the premises.

On September 29, 1959, the City of Pittsburgh filed an amicable action in ejectment against the Zubik Company as defendant alleging, inter alia, that the sixty days' notice of cancellation of the lease had been given by the City on January 30, 1956, and that the defendant had not removed from the premises as demanded nor had it paid any rent to the City since that date. Murray S. Love, an attorney, entered an appearance for the defendant company in reliance upon the power of attorney to confess judgment contained in the lease and confessed judgment against Zubik & Sons for $4,-200 in back rent plus a $25 attorney's fee and also judgment in ejectment in favor of the City.

Thereafter, on October 2, 1959, the defendant filed a petition to strike off the judgment whereon the court granted a rule on the plaintiff to show cause why the judgment should not be stricken and granted the defendant's request for a stay of execution contingent upon its posting a $5,000 bond guaranteeing payment

by the defendant, in the event the rule to show cause should thereafter be discharged, of all costs and expenses incurred by the City in the action and a reasonable rental for the property occupied by the defendant since the cancellation of the lease; and, if the defendant did not move within ten days after a final determination by the court below that it had no interest in the property in question, that any balance of the bond remaining unexhausted should be available for payment of the expense of removing the defendant from the premises. The defendant posted the bond but filed exceptions to the order requiring it because of the amount of the bond and certain of its conditions.

After argument on the rule to show cause why the judgment should not be stricken and also on the defendant's exceptions to the court's order fixing the amount and conditions of the bond, the court discharged the rule to show cause, terminated the stay of execution and dismissed the defendant's exceptions to the order stating the amount of the bond and conditions thereof. From this final order the defendant company has appealed.

The appellant contends that the judgment confessed against it was invalid for the reason that the lease authorized an attorney "to appear for Lessor" (not the Lessee) and that attorney Love's appearance for the Lessee was, therefore, unauthorized. In support of this contention the appellant relies upon the rules of law that a warrant of attorney authorizing a confession of judgment must be strictly pursued and that any ambiguity in a lease is to be construed most strongly against the lessor and liberally in the lessee's favor.

However, in construing a lease, just as construing any other contract, it is the intention of the parties that must govern. In this case, it is clear that the parties to the lease intended that an attorney be thereby authorized to appear on behalf of the *lessee* Com-

pany to confess judgment against it and that the typing in of the word "Lessor" instead of "Lessee" in the lease was nothing other than an inadvertent clerical error. Because the intention of the parties is clear and not clouded by ambiguity, the general rule cited by the appellant, as to the construction of a lease most strongly against the lessor, is presently inapposite.

The appellant further contends that the judgment should be stricken because it was confessed after the termination of the lease as declared by the notice, arguing in that connection that the remedies under a lease cannot be resorted to by a landlord after the lease has been terminated. The law is, however, that "[w]hen the defendant held over the law gave a choice of remedies to the landlord. He might have looked upon the tenant as a trespasser and summarily ejected him, or he might have treated him in holding over as a tenant by sufferance, or he might have regarded the holding over as a continuance under the terms of the lease." *Abrams v. Sherwin,* 269 Pa. 31, 33, 112 Atl. 235 (1920). In the instant case, the City obviously chose to regard the holding over as a continuance under the terms of the lease. The remedies provided for in the lease were, therefore, available to it.

Appellant also contends that judgment should be stricken because the City failed to aver default under the lease. This contention not only lacks merit but is manifestly specious. The City specifically averred that "Since the 30th day of January, 1956, defendant has paid none of the rent, and has not moved from the premises as demanded."

Finally, the appellant contends that the court below abused its discretion in requiring a $5,000 bond conditioned upon payment of all costs and expenses incurred by the City in the proceeding rather than only such costs and expenses as resulted from the delay incident to the stay of execution. In the circumstances

present the court had wide discretion in setting the amount of the bond. The judgment for back rent owing was alone $4,200. In addition to that, the court recognized that "[h]aving regard to the large mass of river craft, mooring posts and other materials on the wharf, the removal of which might require special equipment, we are of opinion that the amount fixed by the Court was reasonable . . . ." With that conclusion we agree and can find no abuse of discretion on the part of the court below.

Order affirmed.