United States Fidelity and Guaranty Company,
Appellant, *v.* Quinn.

Argued September 12, 1972.   Before WRIGHT, P. J.,
WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and
PACKEL, JJ.

*Joseph F. Gallagher,* for appellant.

*Thomas C. Moore,* for appellee.

OPINION BY WATKINS, J., December 11, 1972:

This is an appeal from the Order of the Court of Common Pleas of Luzerne County, striking a judgment in favor of United States Fidelity and Guaranty Company, the plaintiff- appellant, and against Frank M. Quinn, the defendant-appellee, in the amount of $2,-000.00.

The appellee, Frank M. Quinn, was a hotel licensee under the jurisdiction of the Pennsylvania Liquor Control Board. On May 16, 1966, the appellant-company became the surety on the $2,000.00 bond which is a requisite to enable the appellee to obtain a hotel liquor license under the Pennsylvania Liquor Code. Such a bond must be filed before the privilege may be granted.

The pertinent portions of the bond relating to this appeal read as follows:

"WHEREAS, the above bounden principal desires to operate at the place within the Commonwealth set forth above for the license term ending July 31, 1967, in accordance with the provisions of the Liquor Code (Act of April 12, 1951, P. L. 90), as amended and the Regulations of the Board, adopted under, and pursuant thereto.

"Now THEREFORE, the condition of this obligation is such that if upon and after the issuance of such license the above bounden principal shall fully and faithfully observe the provisions of all the laws of this Commonwealth and the rules and regulations promulgated by the Pennsylvania Liquor Control Board relating to liquors, malt or brewed beverages, and alcohol, then this obligation shall be void; otherwise it shall remain in full force, virtue and effect.

"And the obligors, jointly and severally, for themselves, their heirs, executors, administrators, successors

and assigns, do agree with the Commonwealth of Pennsylvania that upon violation of the said Liquor Code (Act of April 12, 1951, P. L. 90), as amended or of any laws of this Commonwealth and the rules and regulations promulgated by the Pennsylvania Liquor Control Board Code relating to liquors, malt or brewed beverages, and alcohol and upon the revocation of the license aforesaid for any such violation during the continuance of said license the full amount of this bond shall be due and payable.

"And we, and each of us, do hereby confess judgment against us and each of us for the penal sum of Two Thousand Dollars ($2,000) with costs of suit and release of all (illegible) without stay of execution, waiving inquisition and condemnation of any real estate, and we, and each of us, do hereby waive the benefit of any law or laws now in force or which may hereafter become in force, exempting property from levy and sale upon execution; and we do hereby empower any attorney, or the prothonotary, of any court of record within this Commonwealth or elsewhere, to appear for us and each of us, to confess judgment, as aforesaid; and for the entering of such judgment and so doing this shall be the sufficient warrant; a copy of this bond being filed in said action, it shall not be necessary to file the original as a warrant, any law or rule of court notwithstanding."

On July 18, 1968, after hearing and determination that the appellee had violated the liquor laws, the Liquor Control Board ordered the forfeiture of the bond. The appellee took an appeal to the Court of Common Pleas of Luzerne County then changed his mind and withdrew this appeal on August 2, 1970. On December 1, 1970, the appellant paid the sum of $2,000.00 to the Commonwealth of Pennsylvania as required by the bond. The company then filed a complaint in confes-

sion of judgment on the bond against the appellee and entered judgment thereon as follows:

### "CONFESSION OF JUDGMENT

"Pursuant to the authority contained in the warrant of attorney, the original of which is attached to the complaint filed in this action, I appear for the Defendant and confess judgment in favor of the Plaintiff, United States Fidelity and Guaranty Company, and against the Defendant, Frank M. Quinn, as follows:

"Forfeited Bond            $2,000.00"

The appellee filed a petition to strike the judgment on the ground that the right to confess judgment had been exhausted by the Commonwealth's entry. The court below agreed and struck the confession of judgment. This appeal followed. The question before us, on appeal, is whether the surety, in this case the appellant, stands in the shoes of the principal as to rights and remedies and whether the appellant is entitled to enter judgment against the appellee on the bond by confession of judgment.

A surety is entitled to every remedy that the creditor has against the principal and he is entitled to enforce every remedy and stand in his shoes where he has been compelled to pay a loss on his behalf. 35 P.L.E. 471; *Beaver Trust Co. v. Morgan,* 259 Pa. 567, 103 A. 367 (1918) ; *American Casualty Company of Reading v. Bartlett,* 92 Dauphin 379 (1970). See also, *Wright v. Grover and Baker S. M. Co., to the use of Smith,* 82 Pa. 80 (1876).

As the court below said "Although it is true that a surety, in general, once it has paid the creditor on the debt of the secured party, succeeds to the rights and remedies of that creditor, we have found no authority which would extend this principle to the area of confession of judgment looked upon with disfavor by recent appellate decision."

We are unable to follow this reasoning as most certainly a confession of judgment is a remedy and a method of enforcement by the surety. "Succeeding to the creditor's right, the surety also succeeds to the creditor's means for enforcing it. The surety is a special kind of secured creditor. For its claim against the principal is secured by its right of subrogation to the remedies of the creditor which it has been compelled to pay." *American Surety Co. of New York v. Bethlehem National Bank of Bethlehem, Penna.,* 214 U.S. 314, 317, 62 S. Ct. 226, 228 (1941).

This rule has been the law in Pennsylvania for many years. The case of *Hess's Estate,* 69 Pa. 272 (1871), held that a surety who pays the principal's debt is entitled to all the rights and remedies of the creditor in the same manner as the principal.

The court below gave great weight to what the court called "extending the principal to the area of confession of judgment looked upon with disfavor by recent appellate decision". However, it is important to point out that the courts have not wiped out the use of confessions of judgment entirely. This would, of course, interfere with the free flow of credit and in the long run do more harm to the very people whom the courts now protect by limiting its use.

However, the instant case does not raise the evils that were pointed out in the recent confession cases. Here the confession is contained in a bond required by the Legislature if the appellee is to obtain a license and, of course, the surety would not enter such a contract without the confession and in most cases the principal would not be in a position to deposit the money required by the law in lieu of the bond.

Also, the appellee was heard and had his day in court determining whether or not he had violated the laws of the Commonwealth and to determine whether or not the forfeiture was properly made by the Com-

monwealth. He also had full notice of payment by the surety. The same arguments that were raised in *Scott Factors, Inc. v. Hartley,* 425 Pa. 290, 228 A. 2d 887 (1967), do not apply here and it is far from the harsh remedy described therein. We feel that here, even under a strict interpretation of the confession remedy, the appellant was entitled to its use.

The order to strike is reversed and the judgment reinstated.