389 A.2d 114

**NORTHAMPTON NATIONAL BANK, Appellee,**

v.

**Michael PISCANIO and Maryann Piscanio, husband and wife, Appellants.**

Superior Court of Pennsylvania.

Submitted June 21, 1977.

Decided July 12, 1978.

Michael Piscanio, in propria persona.

Martin D. Cohen, Allentown, for appellee.

Richard Brent Somach, Solicitor, Allentown, for Sheriff of Lehigh County.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

Appellants have taken this appeal *pro se* from two orders of the lower court in a mortgage foreclosure action. The first is the order dated November 17, 1976 granting a continuance of the sheriff's sale scheduled for November 23, 1976. The second is the order of December 21, 1976 dismissing appellants' request for admissions in support of their rule to show cause why a default judgment obtained by appellee should not be opened or stricken. For the reasons stated below, we reverse and remand for a hearing on the merits of appellants' petition to open and/or strike the default judgment.

The facts of this case are extremely convoluted. Appellee, Northampton National Bank, filed a complaint in mortgage foreclosure against appellants on May 20, 1976. Appellants, proceeding *pro se*, failed to file an answer, and twenty-seven days after the complaint was filed, on June 16, 1976, appellee obtained a default judgment. On August 5, 1976, a writ of execution was issued and appellants' residence was levied upon. Shortly thereafter, on September 3, 1976, Appellant Michael Piscanio petitioned the lower court for a rule to show cause why the default judgment should not be opened

or stricken. In support of the petition to strike, appellants alleged that the copy of the complaint served upon them was not certified as a true and correct copy of the original as required by Pa.R.C.P. 1008.[1] Appellants also alleged, in support of their petition to open, several violations of federal disclosure laws which, in light of our disposition, we need not address.

The lower court caused the rule to be issued and entered the following order:

> Now, this 3rd day of September, 1976, it is ordered that a rule be taken upon the plaintiff to show cause why judgment in the within matter should not be opened and the defendant let into a defense. It is *further directed* that all proceedings be stayed, meanwhile, conditioned upon the defendants posting proper bond or other security with the Prothonotary. Hearing is hereby directed to be held on Tuesday, September 7, 1976 at 9:30 A.M. in this courtroom to determine the amount of such security. (emphasis added.)

On September 7, 1976, the amount of the bond was fixed at $2,500 and was required to be filed within five days.

The disposition of this case hinges upon the interpretation to be accorded the September 3rd order. Appellants contend that the order should be read in the disjunctive and that the granting of the rule to show cause was independent of the concurrent stay of execution, which was conditioned upon the posting of the bond. Appellee asserts, to the contrary, that appellants' failure to post the required bond on or before September 12, 1976 caused both the rule to show cause and the stay of execution to be dissolved. Appellee further contends that it therefore had no obligation to file an answer to appellants' rule and that the lower court acted properly when, on December 21, 1976, it dismissed appellants' request for admissions.

1. The rule is phrased in mandatory terms:
   Copies of the writ or complaint to be served by the sheriff *shall* be attested by the prothonotary or sheriff or *certified by the plaintiff* to be true copies.
   Pa.R.C.P. 1008 (emphasis added).

Here, however, appellants filed, on October 8, 1976, a timely motion to make the rule absolute, based upon respondent-appellee's failure to answer the petition. On the same date, appellants filed a bond in the amount of $2,500, which was approved by the Prothonotary. Unfortunately, no action was taken by the lower court on appellants' motion. As a result, on November 15, 1976, appellants filed a request for admissions of facts contained in the request as authorized by Pa.R.C.P. 4014.[2] Appellee then filed objections to the request for admissions on the ground that the rule to show cause had been dismissed because of appellants' failure to post bond. By its order of December 21, 1976, the lower court dismissed the request for admissions and interpreted its own order as conditioning both the continuation of the rule and of the stay of execution upon the posting of the bond.

■ Whether or not it was proper in this case to condition a defendant's right to have a default judgment stricken or opened upon the posting of a bond,[3] the lower court's order of September 3, 1976 did not clearly do so. The order first

2. Rule 4014 provides:

(a) A party may serve upon an adverse party a written request for the admission by him, for the purpose of the pending action only, of the truth of any relevant matters of fact set forth in the request or of the genuineness of any writing, document or record, a copy of which is attached to the request, or incorporated therein by reference as provided by Rule 1019(g), or the truth of any fact relating to its authenticity, correctness, execution, delivery, mailing or receipt.

(b) A matter of which an admission is requested is admitted unless the adverse party within ten (10) days after service of the request serves upon the requesting party.

(1) a sworn denial or explanation why he cannot admit or deny the matter, or

(2) objections to the relevance or competence of the matter or the scope of the request

3. *Compare Pittsburgh v. Charles Zubik & Sons, Inc.,* 404 Pa. 219, 171 A.2d 776 (1961), in which our Supreme Court tacitly approved a lower court's order granting a rule to show cause why a *confessed* judgment should not be stricken and requiring a bond to be posted as security for costs incurred by the respondent in the course of the proceeding, in the event that the rule should be discharged *after* a hearing on the merits. *Id.,* 404 Pa. at 223–24, 171 A.2d at 777–78.

granted appellants' petition for a rule to show cause.[4]  The trial judge then stated: "It is *further* directed that all proceedings be stayed . . . conditioned upon the defendants posting proper bond. . . ." We do not believe that this order can reasonably be read in a manner which would have alerted appellants that their rule to show cause would be dismissed if they did not post bond.  Certainly nothing in the order clearly justified appellee's failure to make any response to the petition.  Furthermore, despite the fact that appellants' petition to make the rule absolute was properly filed with the prothonotary and served upon appellee's attorney on October 8, 1976, the lower court took no action to dispose of the petition or discharge the rule to show cause.

■  The lower court erred in holding after the fact that the rule to show cause was dissolved by appellants' failure to post bond on or before September 12, 1976.  The court's order of September 3rd did not clearly condition the continuation of the rule to show cause upon the posting of a bond.  The merits of appellants' motion to strike or open the default judgment should have been addressed.  We therefore remand for a hearing on the merits of the petition to open and/or strike the default judgment.[5]

Appellants have also appealed from the lower court's order of November 17, 1976, which continued until December 28, 1976 the sheriff's sale scheduled for November 23, 1976.[6]

**4.**  The court treated appellants' petition as merely a petition to open the default judgment.  In reality it sought to have the judgment either stricken or opened and alleged facts in support of both actions.

**5.**  In light of the confusion concerning the effect to be accorded the lower court's order of September 3, 1976, we do not believe that it would be equitable to hold appellee to the averments of fact contained in appellants' petition.  *Cf., Heilner v. Falls Coal Co.,* 9 Pa.Super. 78, 83 (1898).  Appellee's failure to answer the petition to open and/or strike may well have been due to its good faith belief that the rule to show cause had been dissolved by appellants' failure to post bond.

**6.**  The sheriff's sale had originally been scheduled for September, 1976, but was stayed pending disposition of appellants' motions to strike and/or open the default judgment.

In advertising the November 23rd sale date, the sheriff's office attempted to give proper service in accordance with Pennsylvania Rule of Civil Procedure 3129, but the printer of the handbills erroneously printed the date as "Friday, November 23, 1976" rather than "Tuesday, November 23, 1976"—the day of the week upon which November 23, 1976 actually fell. The sheriff's office then requested, and was granted, a continuance until December 28, 1976. Appellant contends that this was improper in that the rules of civil procedure permit only the plaintiff or the court itself to initiate a continuance.

We do not, however, address this issue since the order granting the continuance was interlocutory in nature. Although appellants exceptions to the sheriff's sale included a challenge to the granting of the continuance, no appeal from the lower court's order of June 1, 1977 dismissing the exceptions has been filed. We therefore deem this issue to be waived.

Reversed and remanded for proceedings consistent with this opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.