465 A.2d 5

**Stanley LANGMAN and Ethel Langman, Husband and Wife,**

**v.**

**METROPOLITAN ACCEPTANCE CORP., a Pennsylvania Corp., Appellant.**

Superior Court of Pennsylvania.

Argued May 26, 1982.

Filed Aug. 12, 1983.

___

382

Abe Lapowsky, Philadelphia, for appellant.

Henry Jacobson, Philadelphia, for appellees.

Before BROSKY, WIEAND and BECK, JJ.

WIEAND, Judge:

This is an appeal from an order refusing to strike a judgment confessed pursuant to a warrant contained in a lease. We reverse. Because the confessed judgment included an amount for which there was no authority to confess judgment, the judgment is void and must be stricken.

Stanley and Ethel Langman, as lessor, entered a written agreement to lease premises known as 22 North 60th Street, Philadelphia, to Metropolitan Acceptance Corporation, as lessee. The lease contained, in paragraph 16, a warrant authorizing the lessor to confess judgment against the lessee for "rent and/or any charges reserved in this lease as rent ...." The lease required the lessee to keep the premises in good repair. With respect to this requirement, the lease provided as follows:

> "In the event of the failure of Lessee promptly to perform the covenants of [the repair clause], *Lessor may go upon the demised premises and perform such covenants, the costs thereof,* at the sole option of Lessor, *to be charged to Lessee as additional and delinquent rent."* (emphasis supplied).

In a complaint filed to confess judgment on the foregoing lease, the lessor alleged a default in payment of one month's rent for $85.00, accelerated rent due of $1,275.00, and "necessary repairs in the amount of $2,000.00 ...." There is no averment in the complaint or elsewhere in this record that any repairs have ever been made to the

demised premises.[1] The item of $2,000.00 for unmade repairs has not been supported by an estimate for such repairs or even by an identification of the repairs needed. The record contains nothing more than the lessor's bald assertion that the lessee failed to make repairs in the amount of $2,000.00.

Such a record is fatally defective and requires that the judgment be stricken. Because a warrant of attorney authorizing confession of judgment can be an oppressive weapon, a judgment entered pursuant thereto can be accomplished only by strict adherence to the provisions of the warrant of attorney. *Kline v. Marianne Germantown Corp.*, 438 Pa. 41, 45, 263 A.2d 362, 364 (1970); *Scott Factors, Inc. v. Hartley*, 425 Pa. 290, 292–293, 228 A.2d 887, 888 (1967); *Walter E. Heller & Co. v. Lombard Corp.*, 423 Pa. 333, 335, 223 A.2d 716, 717 (1966); *Roche v. Rankin*, 406 Pa. 92, 97, 176 A.2d 668, 671 (1962); *Pittsburgh v. Charles Zubik & Sons, Inc.*, 404 Pa. 219, 222, 171 A.2d 776, 778 (1961); *Housing Mortgage Corp. v. Tower Development & Investment Corp.*, 402 Pa. 388, 389, 167 A.2d 146, 147 (1961); *Grady v. Schiffer*, 384 Pa. 302, 306, 121 A.2d 71, 73 (1956); *Continental Bank v. Tuteur*, 303 Pa.Super. 489, 493, 450 A.2d 32, 35 (1982); *Centennial Bank v. Germantown-Stevens Academy*, 277 Pa.Super. 134, 138, 419 A.2d 698, 699 (1980); *Florida Crab House, Inc. v. Hake*, 259 Pa.Super. 230, 233–234, 393 A.2d 801, 803 (1978); *Colony Federal Savings & Loan Association v. Beaver Valley Engineering Supplies Co.*, 238 Pa.Super. 540, 544, 361 A.2d 343, 346 (1976). Any doubt as to the validity of such a judgment must be resolved against the party entering the judgment. *Kline v. Marianne Germantown Corp., supra; Scott Factors, Inc. v. Hartley, supra; Grady v. Schiffer,*

---

1. The depositions of Stanley Langman were not a part of the record when the judgment was entered and cannot be considered in determining the motion to strike the judgment. See: *Conti v. Shapiro, Eisenstat, etc.*, 293 Pa.Super. 301, 305 n. *, 439 A.2d 122, 124 n. * (1981). Nevertheless, the lessor's depositions confirm that no repairs were in fact made by the lessor to the demised premises.

*supra; Centennial Bank v. Germantown-Stevens Academy, supra.*

■ The warrant in the instant case permitted the lessor to go upon the demised premises and make necessary repairs which the lessee failed to make and charge lessee with the cost thereof as additional rent. The warrant did not authorize a judgment for an estimate of repairs not made; neither did it authorize a confession of judgment for unspecified, general repairs in an amount believed necessary by the lessor. A judgment for the cost of repairs was authorized only if supported by an expense actually incurred for repairs made by the lessor.

■ The lessor does not suggest that repairs have in fact been made to the demised premises or that the warrant authorizes confession of judgment for unmade and undesignated repairs. He argues, instead, that the lessee should not be heard to assert the unauthorized nature of the judgment because of the "waiver of errors" clause in the lease. There is no merit in this contention. Although a lessee, by clear and appropriate language, may waive his right to attack a judgment entered pursuant to warrant because of irregularities relating merely to the manner in which the authority in the lease has been exercised, i.e., procedural errors, the law is eminently clear that a waiver or release of errors does not extend to a fundamental lack of authority to enter judgment. *Green Ridge Bank v. Edwards,* 247 Pa.Super. 231, 240, 372 A.2d 23, 27 (1977). Accord: *Dozor v. Crown Construction Co.,* 384 Pa. 49, 55–56, 119 A.2d 246, 249–250 (1956); *Curry v. Bacharach Quality Shops, Inc.,* 271 Pa. 364, 373, 117 A. 435, 438 (1921); *Parliament Industries, Inc. v. William H. Vaughan & Co., Inc.,* 287 Pa.Super. 458, 466–467, 430 A.2d 981, 985 (1980); *Polis v. Russell,* 161 Pa.Super. 456, 461, 55 A.2d 558, 561 (1947); *Grakelow v. Kidder,* 95 Pa.Super. 250, 257–258 (1928).

■ The defect in the instant judgment was not procedural. Rather, the judgment was entered for an item not

authorized by the warrant of attorney. Such a defect goes to the very heart of the judgment and cannot be ignored or overlooked under the aegis of the "waiver of error" clause.

"In numerous decisions, [the courts] have ruled that if the confessed judgment includes an item not authorized in the warrant, the judgment is void in its entirety and must be stricken." *Kline v. Marianne Germantown Corp., supra.* See also: *Walter E. Heller & Co. v. Lombard Corp., supra; McDowell National Bank of Sharon v. Vasconi,* 407 Pa. 233, 178 A.2d 589 (1962); *Housing Mortgage Corporation v. Tower Development & Investment Corporation, supra.*

The order of the trial court is reversed, and the judgment is stricken.