655 A.2d 997

**PNC BANK, National Association Successor by Merger to PNC Bank, Northeast Pa., Formerly Known as Northeastern Bank of Pennsylvania, Appellee**

**v.**

**Robert C. BOLUS, A/K/A Robert Bolus, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1994.

Filed Jan. 25, 1995.

Reargument Denied March 21, 1995.

374

Debra Bolus–Kaufmann, Philadelphia, for appellant.

Steven E. Ostrow, Philadelphia, for appellee.

Before McEWEN, OLSZEWSKI and JOHNSON, JJ.

OLSZEWSKI, Judge:

In 1989, PNC Bank loaned Robert Bolus $780,000. The loan was secured by a mortgage and a lease assignment, and was part of a larger transaction which restructured Bolus's existing debt. The only aspect of the loan which concerns this appeal, however, is the promissory note which evidenced it, and which permitted PNC to confess judgment against Bolus in the event of a default. The pertinent parts of the note read:

## PROMISSORY NOTE

July 14, 1989

$780,000.00

FOR VALUE RECEIVED, and intending to be legally bound, ROBERT C. BOLUS, a/k/a ROBERT BOLUS, of 1530 Birch Street, Scranton, Pennsylvania 18505 (the "Maker") promises to pay to the Order of NORTHEASTERN BANK OF PENNSYLVANIA (the "Bank") at its Central City, Scranton, Office, **the sum of SEVEN HUNDRED EIGHTY THOUSAND DOLLARS ($780,000.00)** in one hundred eighty (180) consecutive monthly installments, as follows:

\*    \*    \*    \*    \*    \*

[several paragraphs follow concerning payment and the security agreement]

\*    \*    \*    \*    \*    \*

The terms of the Loan Agreement shall be deemed incorporated herein; provided, however, that no such inclusion shall in any manner be deemed to affect Maker's obligation hereunder or operate to limit the negotiability hereof.

In the event of a default ... Maker hereby empowers ... any attorney ... to confess judgment ... **for the above sum,** together with costs of suit and a reasonable attorney's commission, but not greater than ten percent (10%), for collection, with release of all errors.

\*     \*     \*     \*     \*     \*

R.R. at 7–9 (emphasis in bold added).[1]

Bolus defaulted on the loan in 1993. After he was notified of the default and failed to cure it, the Bank decided to confess judgment against him. Pursuant to Pa.R.C.P. 2952, the Bank's attorney entered his appearance on behalf of Bolus and asked the prothonotary to enter judgment against Bolus in the total amount of $803,341.54, as follows:

| | |
|---|---|
| Principal balance | $706,477.74 |
| Interest | $ 10,628.37 |
| Late charges | $ 90.00 |
| Real estate taxes | $ 13,553.58 |
| Liability insurance | $ 1,889.58 |
| Attorney's commission | $ 70,647.77 |
| Costs of suit | $ 54.50 |
| Total: | $803,341.54 |

R.R. at 5–6.

Bolus brought a petition to strike off or open the confessed judgment. He argued that the amount confessed included charges clearly outside the warrant of confession in his promissory note, so the entire confessed judgment is void and should be struck off.[2] The trial court denied Bolus's petition in its order of 3/1/94.[3] Bolus now appeals.

A petition to strike a judgment operates as a demurrer to the record, and must be granted whenever some fatal

---

1. PNC Bank is the Northeastern Bank's successor-in-interest to this loan.

2. Specifically, the debts concerning taxes and insurance were not mentioned in the note.

3. The trial court did not file a Rule 1925 opinion, nor did it ask Bolus for a statement of matters complained of on appeal. *See* Pa.R.A.P. 1925. Thus, this short order contains the trial court's only explanation for its decision. The order also denied Bolus's petition to open the judgment, but the court did exercise its equitable powers to reduce the excessive attorney's commission from $70,647.77 to about $10,000. Order of 3/1/94.

defect appears on the face of the record. *Franklin Interiors v. Wall of Fame Management Co., Inc.,* 510 Pa. 597, 599, 511 A.2d 761, 762 (1986). Bolus has pointed to a profound defect: PNC Bank confessed judgment for several items which the confession clause in the promissory note never authorized.

The cognovit clause quite plainly states that upon default, PNC may confess judgment for "the above sum." There is only one possible referent for the term "the above sum"— namely, the sum of $780,000 which the Bank lent to Bolus and which is prominently displayed at the top of the note. R.R. at 7–9. The cognovit clause does not authorize the Bank to confess judgment for any other claim outside the note which the Bank might have against Bolus, such as delinquent taxes or insurance premiums.

■ The Bank argues that the paragraph immediately preceding the cognovit clause incorporates the entire Loan Agreement by reference, and therefore any amount owed under this other agreement could be included in a judgment by confession on the note. This argument fails for three reasons.

First, as already mentioned, the cognovit clause says the Bank may confess judgment for "the above sum," not for any amount owing under the above referenced Loan Agreement. There is simply no other "sum" mentioned anywhere else in the note. We cannot conceive how the note could be interpreted otherwise.

■ Second, the paragraph referencing the Loan Agreement states that the Loan Agreement shall not be incorporated if such inclusion could "affect the Maker's obligation hereunder." Doubtless, the Bank wished to insure that the referenced Loan Agreement would never operate to lower Bolus's basic obligation to repay the $780,000 loan. But the phrase "affect the Maker's obligation" can apply to raising the obligation as well as lowering it. By including the taxes and insurance debts from the Loan Agreement, the Bank increased Bolus's obligation beyond what is stated in the note. Hence, the Bank's confession argument clearly affects Bolus's

obligation under the note, so we must conclude that the Loan Agreement is not incorporated. The Bank's incorporation argument fails under its own terms.

■ Third, the same paragraph states that the Loan Agreement shall not be incorporated if such incorporation would limit the note's negotiability. If the amount which Bolus owed under the note were determined by the Loan Agreement, then the instrument would not be negotiable. *See* 13 Pa.C.S.A. § 3104 (negotiable instruments must be for a fixed amount) and § 3106 (stating the obligations regarding the promise to pay in another writing makes the note conditional, and non-negotiable). The Bank's incorporation argument is again defeated by its own terms.

Nor has the trial court offered any contrary interpretation. The trial court's order merely stated that it denied Bolus's motion to strike because the Bank complied with the judgment by confession procedures set forth in *PennWest Farm Credit, ACA v. Hare,* 410 Pa.Super. 422, 600 A.2d 213 (1991). *PennWest* addresses special laws applicable to residential mortgages of less than $50,000. Bolus's property is a commercial gas station and truck stop. *PennWest* is inapposite, and nowhere addresses Bolus's straightforward claim that a confessed judgment must be strictly limited to the amounts or items expressly stated in the note, or it will be void.

A case which does address this precise point is *Langman v. Metropolitan Acceptance Corp.,* 318 Pa.Super. 381, 465 A.2d 5 (1983). In *Langman,* this Court reiterated well-established principles of law:

> Because a warrant of attorney authorizing confession of judgment can be an oppressive weapon, a judgment entered pursuant thereto can be accomplished only by strict adherence to the provisions of the warrant. Any doubt as to the validity of such a judgment must be resolved against the party entering the judgment.
>
> \* \* \* \* \* \*
>
> In numerous decisions, [the courts] have ruled that if the confessed judgment includes an item not authorized in the

warrant, the judgment is void in its entirety and must be stricken.

*Id.* at 384, 386, 465 A.2d at 7, 8 (emphasis added, numerous citations omitted). *Langman* further notes that "[s]uch a defect goes to the very heart of the judgment and cannot be ignored or overlooked under the aegis of the 'waiver of error' clause." *Id.* at 386, 465 A.2d at 8. *See also Dollar Bank v. Northwood Cheese Co.*, 431 Pa.Super. 541, 551–52, 637 A.2d 309, 314 (1994).

██ The Bank wanted the convenience of a negotiable note with a confession clause, but without the constraints which negotiability and confession of judgment impose. Confession of judgment is a powerful tool, because it effectively prevents the debtor from having his day in court. Such power must be exercised fairly and with exacting precision. The Bank may not use this one confession clause as a convenient method to collect any and every claim it has against Bolus. For "sums" not mentioned in the note, the Bank must use other, less oppressive debt collection procedures.

█ We acknowledge that Bolus may well be in default, and the Bank may be fully entitled to confess judgment against him. We emphasize that our present holding striking the judgment has no prejudicial effect; the Bank may go back to the prothonotary and properly confess judgment for the amount stated in the note.

██ We also observe that the trial court exercised its inherent equitable power to reduce the attorney's fee charge by about $60,000. *See* note 3, *supra.* While this decision is mooted by our present holding, which strikes off the judgment in its entirety, we express our approval of this aspect of the trial court's decision. To charge more than $70,000 as an attorney's fee for what in most cases amounts to filing a single document with the prothonotary is blatantly unreasonable.[4]

4. The note authorized a reasonable attorney's commission, not to exceed ten percent of the amount of the loan in default. R.R. at 9. Thus the $70,647.77 fee entered is the maximum allowable under the note, but it is not necessarily a reasonable amount.

We do not specifically endorse the trial court's chosen amount as appropriate, nor offer guidelines for this or future cases, since the issue is not directly before us. We would merely encourage trial courts to monitor the amounts charged in such circumstances, and to reduce clearly excessive fees. *See Northwood Cheese, supra* at 551–52, 637 A.2d at 314 (court may modify amount of attorney's fees if excessive).

The trial court's order denying Bolus's motion to strike is reversed, and the judgment is stricken. Jurisdiction is relinquished.