## First Commonwealth Bank v. Federated Home & Mortgage Co. Inc.

*Steven S. Hurvitz,* for plaintiff.
*Desiree F. Fralick,* for defendant.
*Kathryn L. Simpson,* for intervenor Charlestown Partners.

RUEST, *J.,* January 18, 2010—Presently before the court is plaintiff First Commonwealth Bank's motion to amend order to certify order for interlocutory appeal and to correct typographical errors. The court hereby *grants* plaintiff's motion. Pursuant to 42 Pa.C.S. §702(b) and at the request of plaintiff, the court certifies the following relative to its opinion and order dated December 11, 2009: "the court is of the opinion that the instant order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the matter." Furthermore, the court's opinion and order dated December 11, 2009 is modified to correct certain typographical errors relative to case numbers.

Accordingly, the following is entered:

## ORDER

And now, January 18, 2010, the following is ordered: Plaintiff First Commonwealth Bank's motion to amend order to certify order for interlocutory appeal and to correct typographical errors is granted. The text of the corrected opinion and order is appended below.

---

## OPINION AND ORDER

RUEST, *J.,* December 11, 2009—Presently before the court is defendant Federated Home & Mortgage Co. Inc.'s petition to strike and/or open confessed judgment. All parties submitted briefs. Oral argument was held on October 21, 2009. Upon consideration of the briefs, argu-

ments, and relevant case law, the court determines defendant's petition to strike and/or open confessed judgment is granted.

## BACKGROUND

Defendant Federated Home & Mortgage Co. Inc. and First Commonwealth Bank executed and entered into a promissory note and credit agreement on July 5, 2004, providing for a non-revolving line of credit not to exceed $2,000,000. On that same date, Federated and Bank executed and entered into a promissory note and term loan agreement for a loan to Federated in the principal amount of $2,400,000 (term loan) (collectively, loans). Via letter dated July 15, 2009, Bank notified Federated and Charlestown Partners of payment defaults under the loans. On July 16, 2009, pursuant to the confession of judgment clauses in the promissory notes, Bank confessed judgment against Federated in the amounts of $2,418,519.74 (case no. 2009-3331) and $1,683,067.96 (case no. 2009-3334). On July 21, 2009, Federated filed a petition to strike and/or open confessed judgment with respect to both matters. On August 5, 2009, Charlestown filed a petition to intervene based on the rights Charlestown has under the loan documents. Bank filed answers to the petitions on August 12, 2009. At the argument on October 21, 2009, the court granted Charlestown's petition to intervene.

## DISCUSSION

Confessions of judgment are disfavored in Pennsylvania and are to be strictly construed. *United States Fi-*

*delity and Guaranty Company v. Quinn,* 223 Pa. Super. 285, 299 A.2d 338 (1972). "The validity of a confession of judgment requires strict compliance with the Rules of Civil Procedure as well as 'rigid adherence to the provisions of the warrant of attorney.'" *First Union National Bank v. Portside Refrigerated Services Inc.,* 827 A.2d 1224, 1231 (Pa. Super. 2003), quoting *Citizens National Bank v. Rose Hill Cemetery Association,* 218 Pa. Super. 366, 368, 281 A.2d 73, 74 (1971). A confessed judgment will be stricken if there is a fatal defect on the face of the record. *C-Rich Co. v. Davis,* 383 Pa. Super. 31, 41 n.4, 556 A.2d 413, 418 n.4 (1989). A petition to strike a judgment entered by confession operates as a demurrer to the record and must be granted when a fatal defect appears. *PNC Bank v. Bolus,* 440 Pa. Super. 372, 376-77, 655 A.2d 997, 999 (1995).

The confession of judgment clauses in the notes are conditioned upon the default of Federated. Article 7 of the credit agreement and the term loan agreement define an event of default, which includes non-payment of the obligations on the due date within three days of the failure to make such payment. Section 7.1a. Section 7.3 sets forth additional cure periods. Specifically, it provides:

"Notwithstanding anything in this article 7 to the contrary, upon written notice by the Bank to Charlestown Partners of an event of default . . . Charlestown Partners shall have 30 days to cure such event of default; provided, however, that during such cure period the Bank shall have no further obligation to make any additional advances hereunder or under the line of credit." Section 7.3b.

It is clear that section 7.3b intended to create a cure period beyond that established under section 7.1. When documents provide for a period to cure a default, remedies available under the agreement cannot be exercised until such period expires. See *Penn Mutual Life Insurance Co. v. Bank of New England Corp.*, 756 F. Supp. 856, 863 (E.D. Pa. 1991). Examining the correspondence with Charlestown and Federated, it is also clear it was Bank's own understanding of the loan documents that a 30-day cure period was required before judgment could be confessed against Federated.

The record shows that while a payment default occurred, Bank did not allow for the cure period that the loan documents required before confessing judgment. Bank provided notice of the default to Charlestown and Federated by letter dated July 15, 2009. This letter specifically mentioned the 30-day cure period. Nonetheless, Bank proceeded to confess judgment against Federated on July 16, 2009.

Accordingly, the following is entered:

### ORDER

And now, December 11, 2009, the following is ordered: Defendant Federated Home & Mortgage Co. Inc.'s petition to strike and/or open confessed judgment is granted. The judgments entered by confession under case nos. 2009-3331 and 2009-3334 are hereby stricken.