J-A19021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ABIGAIL ROSARIO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| NORTHWOOD MANOR, LLC., PHILLY MANAGEMENT GROUP, LLC. AND CHUCK W. CHIU | |
| APPEAL OF: CHUCK W. CHIU | |
| | No. 2888 EDA 2015 |

Appeal from the Order Dated August 14, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): July Term 2007, No. 00032

BEFORE: FORD ELLIOTT, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 17, 2016**

Chuck W. Chiu appeals from the order entered August 14, 2015, in the Philadelphia County Court of Common Pleas, denying his petition to strike or open a $9,000,000.00 default judgment entered against him, and in favor of Abigail Rosario. On appeal, Chiu argues the trial court erred or abused its discretion in refusing to open or strike the judgment. For the reasons below, we affirm.

The facts and procedural history underlying this appeal are as follows. On July 2, 2007, Rosario initiated this negligence action by *writ* of summons

_____

[*] Former Justice specially assigned to the Superior Court.

naming Chiu, Northwood Manor, LLC ("Northwood Manor"), and Philly Management Group, LLC ("PMG"), as defendants (collectively, "the defendants"). She served Chiu both at his home address on Brighton Street in Philadelphia, and at 7628 Castor Avenue in Philadelphia, a property that he owned and leased, in part, to PMG. Thereafter, on July 18, 2007, Rosario filed a complaint, in which she alleged the "defendants owned, operated, leased, managed, controlled and/or had dominion over the premises known as Northwood Manor and Northwood Manor Apartment '1 F' both located at 1320 Foulkrod Street, Philadelphia, Pennsylvania 19124."[1] Complaint, 7/18/2007, at ¶ 5. She further averred that on March 11, 2007, while living in Apartment 1F, she fell due to an "unreasonably dangerous condition" in the flooring and carpeting, and suffered serious and permanent injuries to her face, head and spinal cord. *See id.* at ¶ 6. The record reveals Rosario mailed the initial complaint to Chiu's Brighton Street home address. However, when she reissued the complaint on January 17, 2008, she sent Chiu's copy by certified mail to the Castor Avenue address. From that date forward, Rosario served Chiu with all relevant documents at the Castor Avenue address.

---

[1] This is the only averment in Rosario's complaint that links Chiu to the Foulkrod Street apartment.

When none of the defendants responded to the complaint, on February 21, 2008, Rosario sent all three defendants notice of her intent to enter a default judgment. **See** Pa.R.C.P. 237.1. Again, Rosario sent Chiu's notice to the Castor Avenue address. On March 24, 2008, the trial court entered default judgment against all three defendants. Thereafter, Roasario filed a motion to assess damages, and, following a hearing, the court entered an order in December of 2008 assessing damages against all three defendants, jointly and severally, in the amount of $9,000,000.00.[2]

Unbeknowst to the trial court, a bankruptcy stay had been entered against Northwood Manor. After that stay was lifted, the trial court conducted a second assessment hearing, and, on December 16, 2009, entered an order, once again, assessing damages against the defendants in the amount of $9,000,000.00.[3]

On October 14, 2012, Rosario filed a praecipe for a *writ* of revival of the judgment. Thereafter, on October 21, 2014, she served Chiu with the *writ* of revival only at his home address on Brighton Street on October 21, 2014. **See** Affidavit of Service, filed 11/3/2014. More than five months

---

[2] Rosario was rendered a paraplegic as a result of the injuries she sustained in the fall. **See** Rosario's Motion to Assess Damages in Accord with Request for Admissions, 4/1/2008, at ¶ 13.

[3] Although there is no transcript of either assessment hearing in the certified record, from what we can gather, none of the defendants participated in either hearing.

later, on March 31, 2015, Chiu filed a petition to strike or open the default judgment. Following a hearing on August 14, 2015, the trial court denied Chiu's petition. On September 11, 2015, Chiu filed, simultaneously, both a motion for reconsideration and a notice of appeal.[4] The trial court denied the motion for reconsideration on September 15, 2015.[5]

On appeal, Chiu first argues the trial court erred in denying his motion to strike the nine million dollar default judgment. Specifically, he contends the record "reflects a fatal error" because he was not properly served with the ten-day default notice as required by Pennsylvania Rule of Civil Procedure 237.1(a)(2)(ii). Chiu's Brief at 12. Chiu asserts that because Rosario mailed the default notice to the Castor Avenue address, which was neither his residence nor place of business, her service of the notice was

_____

[4] The record reflects that the order denying Chiu's petition was mailed to the parties on August 18, 2015. *See* Order, 8/14/2015. Therefore, Chiu had until September 17, 2015, to file a timely notice of appeal. *See* Pa.R.A.P. 903(a).

[5] When the court failed to expressly grant Chiu's motion for reconsideration within the relevant 30-day period, Chiu's previously filed notice of appeal took effect. Pa.R.A.P. 1701(b)(3). *See also **Valley Forge Ctr. Associates v. Rib-It/K.P., Inc.**,* 693 A.2d 242 (Pa. Super. 1997).

On September 16, 2015, the trial court ordered Chiu to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Chiu complied with the court's directive, and filed a concise statement on October 6, 2015.

ineffective pursuant to Pennsylvania Rule of Civil Procedure 440(a)(2)(i).

***Id.***

Chiu's appeal implicates the Pennsylvania Rules of Civil Procedure. As such, we are presented with a question of law so that "our standard of review is *de novo* and our scope of review is plenary." ***Osward v. WB Public Square Associates, LLC***, 80 A.3d 790, 793 (Pa. Super. 2013). ***See also Green Acres Rehab. & Nursing Ctr. v. Sullivan***, 113 A.3d 1261, 1267 (Pa. Super. 2015).

Preliminarily, "[a] petition to strike a default judgment and a petition to open a default judgment request distinct remedies and generally are not interchangeable." ***Erie Ins. Co. v. Bullard***, 839 A.2d 383, 386 (Pa. Super. 2003). In considering the denial of a request to strike a judgment, we are guided by the following:

> "A petition to strike a judgment operates as a demurrer to the record, and must be granted whenever some fatal defect appears on the face of the record." ***First Union Nat. Bank v. Portside Refrigerated Servs., Inc.,*** 827 A.2d 1224, 1227 (Pa. Super. 2003) (quoting ***PNC Bank v. Bolus,*** 440 Pa. Super. 372, 655 A.2d 997, 999 (1995)). "When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered." ***Cintas Corp. v. Lee's Cleaning Servs., Inc.,*** 549 Pa. 84, 700 A.2d 915, 917 (1997) (citing ***Linett v. Linett,*** 434 Pa. 441, 254 A.2d 7, 10 (1969)). "Importantly, a petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." ***City of Philadelphia v. David J. Lane Advertising,*** 33 A.3d 674, 677 (Pa. Cmwlth. 2011) (citing ***First Union Nat'l Bank,*** 827 A.2d at 1227). Importantly, "[a] petition to strike does not

involve the discretion of the [trial] court." ***Cintas Corp.,*** 700 A.2d at 919 (citing ***Dubrey v. Izaguirre****,* 454 Pa. Super. 504, 685 A.2d 1391, 1393 (1996)).

***Oswald***, ***supra***, 80 A.3d at 793–794.  Moreover, we emphasize:  "Matters outside of the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken." ***Aquilino v. Philadelphia Catholic Archdiocese***, 884 A.2d 1269, 1280 (Pa. Super. 2005) (citation omitted).

Chiu's argument focuses on the interplay between Pennsylvania Rules of Civil Procedure 237.1 and 440.  Rule 237.1 requires a plaintiff to provide a defendant with at least 10 days prior notice of her intent to enter a default judgment.  The Rule states:

> (2) No judgment … by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered
>
> * * * *
>
> (ii) in the case of a judgment by default, after the failure to plead to a complaint and **at least ten days prior** to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.

Pa.R.C.P. No. 237.1(a)(2)(ii) (emphasis supplied).  The notice requirement may not be waived,[6] and "[a] record that reflects a failure to comply with Rule 237.1 is facially defective and cannot support a default judgment." ***Erie Ins. Co.***, ***supra***, 839 A.2d at 387.

---

[6] Pa.R.C.P. 237.1(a)(4).

- 6 -

Rule 440 sets forth the requirements for the service of legal papers other than original process. Where, as here, there was no attorney of record, the Rule provides:

> [S]ervice shall be made by handing a copy to the party or by mailing a copy to or leaving a copy for the party at the address endorsed on an appearance or prior pleading **or the residence or place of business of the party**, or by transmitting a copy by facsimile as provided by subdivision (d).

Pa.R.C.P. 440(a)(2)(i) (emphasis supplied).[7]

As noted above, Chiu maintains that "the Default Notice was not sent to [his] residence or place of business but rather allegedly to his tenants at his Castor Avenue Property where he had no agents, employees or managers under his control." Chiu's Brief at 11. Therefore, he argues the record "reflects a fatal error" and the trial court erred in failing to strike the default judgment. *Id.* at 12.

The trial court, however, concluded Chiu "failed to demonstrate that a fatal defect existed at the time the judgment was entered." Trial Court Opinion, 1/5/2016, at 3. Rather, the court found Rosario "substantially complied" with the requirements of Rule 237.1, by mailing the 10-day notice to "an address of record" for Chiu.[8] *Id.* Upon our review of the record, we agree.

_____

[7] ***See also*** Pa.R.C.P. 440 (a)(2)(ii) (explaining that "[i]f such service cannot be made [under subsection (i),] service shall be made by leaving a copy at or mailing a copy to the last known address of the party to be served.").
[8] We note the trial court did not specifically address Rule 440 in its opinion.

- 7 -

When Rosario filed the *praecipe* to enter a default judgment against Chiu, her attorney properly attached to the document a copy of the 10-day notice required by Rule 237.1, and certified that the notice was "mailed to [Chiu] at his last known address." Praecipe for Entry of Judgment of Default, 3/24/2008. The attached 10-day notice is addressed to Chiu at the Castor Avenue property. **See id.** Further, Rosario's counsel also attached an Affidavit of Non-Military Service to the praecipe, in which counsel's averred the following:

> Defendant, Chuck Chiu, is an adult, that his place of residence, upon reasonable investigation, is [] Brighton Street …, and that he is in the business of real estate, **with his place of business located at 7628 Castor Avenue, Philadelphia, PA 19152**, and that he not in the military service of the Unites States or its allies …

Affidavit of Non-Military Service, 3/24/2008 (emphasis supplied). Moreover, the record also contains two affidavits of service for the *writ* of summons, which establish Chiu was served with a copy of the writ both at his residence on Brighton Street, and at the Castor Avenue property. **See** Affidavits of Service, filed 7/18/2007. There was no indication in the certified record that service to Chiu at the Castor Avenue property was improper. **See** Pa.R.A.P. 440(a)(2)(i) (service may be mailed to "the residence or place of business of the party"). Accordingly, considering only the facts of record, we agree with the trial court's determination that no fatal defect or irregularity was apparent on the face of the record at the time the default judgment was entered. **See** Trial Court Opinion, 1/5/2016, at 3.

In his second issue, Chiu argues the court abused its discretion in denying his petition to open the default judgment. Chiu contends the trial court erred in considering his delay in filing the petition to open after the judgment had been revived, rather than focusing on the fact that Rosario "did not provide one shred of evidence that [Chiu] had actually received the Default Notice." Chiu's Brief at 13. Moreover, he emphasizes "the equities of [the] circumstances demanded that the [c]ourt examine the fact that [Chiu] had no nexus or connection with the party defendants, [Rosario] and the underlying case and controversy."[9] *Id.* at 14.

Our review of a trial court's ruling concerning a petition to open a default judgment is well-settled: "The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law." *Green Acres Rehab.*, *supra*, 113 A.3d at 1270 (quotation omitted).

Unlike a petition to strike a judgment, "a petition to open a judgment is an appeal to the equitable powers of the court." *Mother's Rest. Inc. v.*

_____

[9] During the hearing on Chiu's petition, Chiu's counsel explained PMG was the property manager, and Northwood was the owner, of the building at which Rosario was injured. N.T., 8/14/2015, at 6. However, counsel stated Chiu "doesn't have any ownership interest, management interest or control of Northwood [or] Philly Management Group." *Id.* In fact, he claimed Chiu's only connection to the parties is as the owner of the Castor Avenue property, where PMG is a tenant. *Id.* at 5.

*Krystkiewicz*, 861 A.2d 327, 336 (Pa. Super. 2004) (*en banc*) (quotation omitted). Accordingly, if, as here, a party's right to relief is based upon a challenge to the factual averments contained in the record at the time the default judgment was entered, he should seek to open the judgment, not strike it. *Id.*

> Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense.... In making this determination, a court can consider facts not before it at the time the judgment was entered.

*Id.* (quotation omitted). "Moreover, we note the trial court cannot open a default judgment based on the 'equities' of the case when the defendant has failed to establish all three of the required criteria." *US Bank N.A. v. Mallory*, 982 A.2d 986, 995 (Pa. Super. 2009).

In denying Chiu's petition to open, the trial court emphasized Chiu waited "more than *seven* years after the entry of default judgment" to file his petition to open. Trial Court Opinion, 1/5/2016, at 4 (emphasis in original). Furthermore, the court explained that even if it determined Chiu did not discover the default judgment until he was served with the *writ* of revival on October 21, 2014, he still "waited approximately 168 days from this notice to file his petition to open" on March 31, 2015, and offered **no explanation** for the five-month delay. *Id.* at 4-5. Accordingly, the court found Chiu failed to act promptly in filing his petition to open the default judgment.

We find no abuse of discretion on the part of the trial court. Contrary to Chiu's argument, the trial court properly focused on the delay between the date Chiu actually learned of the default judgment (*i.e.*, service of the *writ* of revival in October of 2014), and the filing of the petition to open (*i.e.*, March 31, 2015). Indeed, the record includes an affidavit of service averring that the *writ* of revival was personally served on an adult male at Chiu's Brighton Street residence on October 21, 2014. ***See*** Affidavit of Process Server, filed 11/3/2014. Assuming *arguendo*, the service of the *writ* of revival was the first time Chiu learned the default judgment had been entered against him, he still waited **more than five months** to file a petition to open the judgment. The trial court acted well within its discretion in concluding the petition was not "promptly filed." ***Mother's Rest.***, ***supra***, 861 A.2d at 366. ***See US Bank***, ***supra***, 982 A.2d at 995 (delay of 82 days between notice of entry of default judgment and filing of petition to open was not prompt).

The trial court also found Chiu failed to satisfy the second prong of the test in that he neglected to provide a "justifiable explanation for his failure to file an Answer to the Complaint." Trial Court Opinion, 1/5/2016, at 5. We agree. "The appellate courts have usually addressed the question of legitimate excuse in the context of an excuse for failure to respond to the **original complaint** in a timely fashion." ***US Bank***, ***supra***, 982 A.2d at 995 (emphasis supplied).

In his petition to open the judgment, Chiu averred he is a "Chinese immigrant who does not speak English" and "had no legal representation when [j]udgment was entered against him." Chiu's Petition to Strike or Open the Default Judgment Entered in Favor of Plaintiff Abigail Rosario, 3/31/2015, at ¶¶ 2, 4. Furthermore, he asserted he "immediately filed this petition after he retained counsel" once the judgment was revived. *Id.* at ¶ 21. He did not explain either in his petition or in his brief before this Court why he failed to file an answer to the original complaint. Indeed, Chiu admitted in his petition that "the original complaint had been served to [him] at his home at … Brighton Street" in July of 2007. *Id.* at ¶ 7. **See also** Complaint, 7/18/2007, Certificate of Service.

Although Chiu emphatically argues he has no connection to the underlying controversy, and equitable considerations require this Court to open the underlying judgment,[10] we remind him that neither this Court nor the trial court may "open a default judgment based on the 'equities' of the case when the defendant has failed to establish all three of the required criteria." **US Bank**, **supra**, 982 A.2d at 995. Here, Chiu failed to demonstrate two of those prongs: (1) his petition to open was promptly filed and (2) that he had a reasonable excuse for failing to answer the

_____

[10] **See** Chiu's Brief at 14.

complaint. Consequently, we are compelled to conclude the trial court did not abuse its discretion in denying his petition to open the default judgment.

Because Chiu has failed to establish that the trial court erred or abused its discretion in denying his petition to strike or open the default judgment, we affirm the order on appeal.

Order affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/17/2016</u>