**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-2220 and 19-2221
_____

BRANCH BANKING & TRUST COMPANY

v.

ANGINO LAW FIRM, P.C., formerly doing business as Angino & Lutz, P.C., formerly
doing business as Angino & Rovner, P.C.; KING DRIVE CORP.; A LA CARTE
ENTERPRISES, INC.; BLUE MT. GOLF CLUB, INC.; RICHARD C. ANGINO;
ALICE K. ANGINO,
Appellants
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Nos. 1-16-cv-00712 and 1-16-cv-00713)
District Judge: Hon. Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 16, 2020

Before: CHAGARES, PORTER, and FISHER, *Circuit Judges.*

(Filed:  June 17, 2020)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PORTER, *Circuit Judge.*

Angino Law Firm, P.C. and its affiliates appeal the District Court's judgment in a loan dispute that awarded attorneys' fees and costs to lender Branch Banking & Trust Company. They contend that the District Court abused its discretion by granting the award. We disagree and will affirm the District Court's judgment.

**I**[1]

Starting in 2007, Angino Law Firm, P.C. executed multiple loan agreements to take out loans with Branch Banking & Trust Company—or its predecessors in interest, Susquehanna Bank and Graystone Bank ("BB&T"). Richard C. Angino and Alice K. Angino (the "Anginos") and King Drive Corp., A La Carte Enterprises, Inc., and Blue Mountain Golf Club, Inc. (the "Angino Businesses") entered a series of agreements with BB&T to guarantee Angino Law Firm's liabilities under its loan agreements with BB&T. Under these agreements, and in later loan modification agreements, Angino Law Firm, the Anginos, and the Angino Businesses ("Defendants") agreed to pay attorneys' fees and costs that BB&T would incur when enforcing the agreements. And some of the agreements provided that Defendants would pay attorneys' fees and costs that BB&T incurred when preparing, negotiating, and closing those agreements.

In 2016, Defendants defaulted on the loans. BB&T then filed two lawsuits against Defendants to enforce the loan agreements.

---

[1] Details of the parties' agreements and their attorneys' fees and costs provisions are set out in the District Court's thorough post-trial memorandum decision. *See Branch Banking & Tr. Co. v. Angino Law Firm, P.C.*, Nos. 1:16-cv-712 and 1:16-cv-713, 2018 WL 4404627 (M.D. Pa. Sept. 17, 2018).

2

After motions practice, the suits proceeded to discovery and a bench trial. Defendants admitted that they owed loan principal and interest to BB&T but argued that they did not have to pay BB&T's attorneys' fees and costs. The District Court rejected Defendants' arguments and entered judgment against them, ordering them to pay $163,865.30 in attorneys' fees and $5,431.94 in costs. Defendants moved for reconsideration, which the District Court denied. Defendants timely appealed.

**II**[2]

Defendants do not challenge the District Court's holding that BB&T was entitled to attorneys' fees and costs under their agreements with BB&T. *See Branch Banking & Tr. Co. v. Angino Law Firm, P.C.*, Nos. 1:16-cv-712 and 1:16-cv-713, 2018 WL 4404627, at *7 (M.D. Pa. Sept. 17, 2018). Defendants' only argument on appeal is that the District Court's fee and cost award was so unreasonably large that the District Court abused its discretion by granting the award. We disagree.

When a party seeks to shift attorneys' fees and costs in a breach-of-contract case under a contractual provision subject to Pennsylvania law, a trial court may consider the reasonableness of the fees requested and "reduce the fees claimed if appropriate." *McMullen v. Kutz*, 985 A.2d 769, 776–77 (Pa. 2009). "[A]s a general rule, the method of determining reasonable attorneys' fees under fee-shifting provisions in Pennsylvania is

---

[2] The District Court had subject-matter jurisdiction under 28 U.S.C. § 1332(a). We have appellate jurisdiction under 28 U.S.C. § 1291.

     "We review the reasonableness of an award of attorney's fees for an abuse of discretion." *Rode v. Dellarciprete*, 892 F.2d 1177, 1182 (3d Cir. 1990) (citation omitted). Such an abuse of discretion "occur[s] when no reasonable person would adopt the district court's view." *Id.* (citation omitted).

the lodestar approach, whereby the lodestar figure may be adjusted, in the discretion of the trial court[.]" *Krebs v. United Ref. Co. of Pa.*, 893 A.2d 776, 790 (Pa. Super. Ct. 2006). Under this approach, a court calculates reasonable attorneys' fees by multiplying "reasonable hours" by "a reasonable [hourly] rate." *Samuel-Bassett v. Kia Motors Am., Inc.,* 34 A.3d 1, 11 n.2 (Pa. 2011) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992)).

The District Court found that BB&T's attorneys' hourly rates were reasonable, which the parties did not dispute. Thus, to determine whether BB&T's fee request was reasonable, the District Court had to consider only whether BB&T's attorneys' hours and costs were reasonable. The District Court found that they were reasonable, and we conclude that the District Court did not abuse its discretion when making this finding.

BB&T submitted detailed documentation to justify its fees and costs request. The documents showed that the amount of legal work related to these cases and agreements was not trivial. For example, the parties' pleadings totaled more than 400 pages. The cases involved motions on multiple issues and discovery included the exchange of more than 15,000 pages of documents as well as depositions. And in accord with some of Defendants' agreements, BB&T's fee award included fees and costs for pre-litigation activity related to preparing, negotiating, and implementing those agreements. In sum, nothing suggests that "no reasonable person would adopt the [D]istrict [C]ourt's view" that BB&T was entitled to $163,865.30 in attorneys' fees and $5,431.94 in costs. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1182 (3d Cir. 1990) (citation omitted).

4

Defendants argue that several entries in BB&T's summary of claimed attorneys' fees are unreasonable.[3] Because Defendants did not make these specific objections in the District Court, they forfeited their right to challenge these specific fee requests on appeal. *See In Re: J & S Properties, LLC*, 872 F.3d 138, 146 (3d Cir. 2017). Even if Defendants did not forfeit these objections, we would still conclude that the District Court did not abuse its discretion by granting the award.

\*             \*             \*

For these reasons, we will affirm the District Court's judgment.

---

[3] Defendants also argue that caselaw compels us to find that the District Court abused its discretion. They rely on *PNC Bank v. Bolus*, in which the court ruled that an attorneys' fee request of $70,000 for "filing a single document with the prothonotary [was] blatantly unreasonable." 655 A.2d 997, 1000 (Pa. Super. Ct. 1995). *PNC Bank* is not analogous, and neither are cases in which we affirmed district courts' denials of "outrageously excessive" fee petitions. *See Young v. Smith*, 905 F.3d 229, 235–36 (3d Cir. 2018); *Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 903 F.3d 396, 402 (3d Cir. 2018). BB&T's fee and cost award depends on far more than filing a single document and was not outrageously excessive.